945 P.2d 1390

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Stephen ROZAJEWSKI, Defendant–
Appellant.**

No. 23038.

Court of Appeals of Idaho.

Oct. 28, 1997.

John M. Adams, Kootenai County Chief Public Defender; J. Bradford Chapman, Deputy Public Defender (argued), Coeur d'Alene, for defendant–appellant.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General (argued), Boise, for plaintiff–respondent.

PERRY, Judge.

Stephen Rozajewski was found guilty by a jury of possession of a controlled substance, methamphetamine. I.C. § 37–2732(c)(1). On appeal, Rozajewski claims that the district court erred in admitting evidence of uncharged crimes and in instructing the jury. Rozajewski also argues that there was insufficient evidence to sustain the verdict. We affirm.

## I.

### BACKGROUND

Rozajewski was stopped by police in Coeur d'Alene and arrested for driving under the influence (DUI). Police officers conducted a search of Rozajewski's vehicle and found methamphetamine inside a bag located in the vehicle's glove compartment. Rozajewski was charged with felony possession of a controlled substance. Rozajewski went to trial, and a jury found him guilty of the possession charge. The district court entered a judgment of conviction and sentenced Rozajewski to a unified term of incarceration of five years, with one year fixed. Rozajewski appealed.

## II.

### DISCUSSION

#### A. Evidence of Uncharged Crimes

■ Rozajewski claims the district court committed fundamental error by allowing evidence of uncharged crimes to be admitted during the trial. The state argues that because Rozajewski did not object to this evidence during trial, he is precluded from raising this issue on appeal.

■ This Court will not address an issue not preserved for appeal by an objection in the trial court. *State v. Johnson,* 126 Idaho 892, 896, 894 P.2d 125, 129 (1995); *State v. Bingham,* 116 Idaho 415, 423, 776 P.2d 424, 432 (1989). However, we may consider fundamental error in a criminal case, even though no objection was made at trial. *Johnson,* 126 Idaho at 896, 894 P.2d at 129; *Bingham,* 116 Idaho at 423, 776 P.2d at 432. A fundamental error is one that so profoundly distorts the proceedings that it produces manifest injustice, depriving the criminal defendant of the fundamental right to due process. *State v. Hadley,* 122 Idaho 728, 731, 838 P.2d 331, 334 (Ct.App.1992). Fundamental error has been defined as error which goes to the foundation or basis of a defendant's rights, goes to the foundation of the case or takes from the defendant a right which was essential to his or her defense and which no court could or ought to permit to be waived. *State v. Babb,* 125 Idaho 934, 940, 877 P.2d 905, 911 (1994).

The Idaho Supreme Court addressed this issue in *Johnson* and held that the district court's admission of the evidence, if the defendant fails to object at trial under I.R.E. 404(b), does not rise to the level of fundamental error. Under *Johnson,* we conclude that the district court's alleged error in admitting the evidence of uncharged crimes in this case does not rise to level of fundamental error. *See also Bingham,* 116 Idaho at 423, 776 P.2d at 432 ("An abuse of discretion in admitting evidence is a trial error and does not go to the foundation of the case or take from the defendant a right which was essential to his defense."). Therefore, because Rozajewski failed to object under Rule 404(b) to the challenged evidence, we will not consider this issue for the first time on appeal.

#### B. Jury Instructions

■ Rozajewski asserts that the trial court erred by giving a constructive posses-

sion instruction that reduced the state's burden of proof, created an impermissible presumption and deprived Rozajewski of his right to a unanimous verdict. Rozajewski's challenge is focused on Instruction 9, which provided:

YOU ARE INSTRUCTED that there are two (2) kinds of possession: actual possession and constructive possession.

"Actual possession" requires that a person have direct physical control over a thing.

"Constructive possession" does not require actual possession but does require that a person knowingly have [sic] the right of control over a thing, either directly or through another person or persons.

Rozajewski argues that under Instruction 9, he could have been found guilty for "having a possessory interest in the car, because the 'right of control' could be understood to extend to anything found in the vehicle, whether or not a defendant had knowledge of the same." Rozajewski further argues that Instruction 9 operated to create a presumption of guilt as to the possession charge. He asserts that by instructing the jury that he could be found guilty for merely owning the vehicle, the burden was shifted to him to rebut the presumption created by the ownership of the car.

■ The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason,* 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman,* 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App. 1993).

In reviewing the jury instructions as a whole, we note that Instruction 8 informed the jury:

[T]he state must prove each of the following:

. . . .

3. the defendant possessed Methamphetamine, and;

4. the defendant knew or should have known it was Methamphetamine.

If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty.

Additionally, Instruction 11 indicated that the state "is not required to prove that the defendant possessed any minimum quantity of the controlled substance. The State must prove that the defendant possessed the controlled substance." In view of Instructions 8 and 11, in combination with the challenged instruction, we are unpersuaded that the jury would have found Rozajewski guilty merely because he had a possessory interest in the vehicle or that the instruction created a presumption of his guilt as to the charged offense. Accordingly, we conclude that, as a whole, the instructions fairly and accurately reflected the applicable law, and the district court did not err in instructing the jury.

## C. Sufficiency of the Evidence

■ Rozajewski asserts that there was insufficient evidence to support the jury's guilty verdict. Rozajewski alleges that there was no evidence presented of any other association or nexus between himself and the illegal substance. Rozajewski also argues that there is "at least a reasonable probability that this mis-instructed jury returned its verdict merely on the evidence that showed Rozajewski in possession of an automobile in which the drugs were found." Rozajewski also asserts that a "jury cannot infer constructive possession from the mere fact that a defendant occupied a vehicle in which drugs were seized."

Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Knutson,* 121 Idaho

101, 104, 822 P.2d 998, 1001 (Ct.App.1991); *State v. Decker,* 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson,* 121 Idaho at 104, 822 P.2d at 1001; *Decker,* 108 Idaho at 684, 701 P.2d at 304. Moreover, we will consider the evidence in the light most favorable to the prosecution. *Knutson,* 121 Idaho at 104, 822 P.2d at 1001; *Decker,* 108 Idaho at 684, 701 P.2d at 304.

 In order to prove constructive possession, knowledge of the controlled substance and physical control of the controlled substance must be independently proven beyond a reasonable doubt, by either circumstantial or direct evidence. *State v. Seitter,* 127 Idaho 356, 360, 900 P.2d 1367, 1371 (1995). *See also State v. Greene,* 100 Idaho 464, 466, 600 P.2d 140, 142 (1979); *State v. Burnside,* 115 Idaho 882, 885, 771 P.2d 546, 549 (Ct.App.1989). Constructive possession of a controlled substance exists where a nexus between the accused and the substance is sufficiently proven so as to give rise to the reasonable inference that the accused was not simply a bystander but, rather, had the power and intent to exercise dominion and control over the substance. *State v. Garza,* 112 Idaho 778, 784, 735 P.2d 1089, 1095 (Ct. App.1987).

Here, there was no evidence presented that Rozajewski had actual possession of the methamphetamine. Therefore, we examine the evidence which tended to establish constructive possession, particularly evidence from which the jury reasonably could have inferred that Rozajewski was aware of and exercised control over the methamphetamine.

The evidence adduced at trial showed that Rozajewski was the sole occupant of the vehicle when he was stopped by the police. After arresting Rozajewski for DUI, the officers searched the passenger compartment of his vehicle and found a large clear plastic bag inside of the vehicle's glove compartment which contained personal items and documents pertaining to his vehicle. Rozajewski testified that it was his idea to store these items in the large bag. Within the large bag, the officers also found a small bag, which was twisted lengthwise and tied in a knot. The officers found the methamphetamine in the small bag. At trial, Rozajewski offered the explanation that other people had access to his vehicle, including: (1) an unnamed hitchhiker who rode with him once to the store and back; (2) an unnamed neighbor's daughter who came to town and stayed at his house and was allegedly involved with methamphetamine; (3) his wife's son, who had been in trouble with methamphetamine in Montana; (4) the unknown prior owner of the vehicle; and (5) his wife. Other than the testimony of Rozajewski's wife, Rozajewski's explanations were not supported by admissible evidence. Moreover, Rozajewski's credibility was attacked by the state's evidence that Rozajewski had initially lied about his identity when stopped by the police to avoid being ticketed because his driver's license had been expired for eight years. Therefore, there was evidence of circumstances to buttress an inference that Rozajewski knew of and exercised control over the methamphetamine found in his vehicle's glove compartment. Based on the record, we conclude that the evidence, though conflicting in nature, was sufficient for the jury to find that Rozajewski knew of and exercised control over the methamphetamine. We hold that Rozajewski's judgment of conviction, entered upon the jury's guilty verdict, is supported by substantial evidence and should not be disturbed on appeal.

## III.

## CONCLUSION

Because Rozajewski failed to object under Rule 404(b) to the challenged evidence, we will not consider this issue for the first time on appeal. We conclude that, as a whole, the instructions fairly and accurately reflected the applicable law, and the district court did

not err in instructing the jury. Finally, we hold that Rozajewski's judgment of conviction, entered upon the jury's guilty verdict, is supported by substantial evidence and should not be set aside. Rozajewski's judgment of conviction and sentence are affirmed.

LANSING, C.J., and BENGTSON, J. Pro Tem., concur.