62 P.3d 644

STATE of Idaho, Plaintiff–Respondent,

v.

Darrell R. TUCKER, Defendant–
Appellant.

No. 26692.

Court of Appeals of Idaho.

Jan. 14, 2003.

Molly J. Huskey, State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant. Paul S. Sonenberg argued.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger II, Deputy Attorney General, Boise, for respondent. T. Paul Krueger II argued.

GUTIERREZ, Judge.

A jury found Darrell R. Tucker guilty of aggravated assault with a deadly weapon, I.C. §§ 18–901 and –905. Tucker argues on appeal that his due process rights were violated by an officer's testimony referencing his post-*Miranda* silence, that the district court erred in imposing a weapons enhancement without a factual finding by the jury, and that the district court abused its discretion in imposing an excessive sentence. We affirm.

## I.

## FACTS AND PROCEDURAL HISTORY

Police officers responded to a domestic disturbance call involving Tucker and his friend Donald Roberts. Tucker was arrested after the disturbance and was charged with aggravated assault with two sentence enhancements, the first for use of a deadly weapon in the commission of a felony, and the second for being a persistent violator. The state later dismissed the persistent violator enhancement.

A jury found Tucker guilty of aggravated assault with a deadly weapon and the district court imposed a unified sentence of twenty years, with five years determinate. The sentence included a weapons enhancement. Tucker appeals.

## II.

### POST-*MIRANDA* SILENCE

 Tucker argues that an officer's statement at trial regarding Tucker's post-*Miranda*[1] silence violated his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.[2] We exercise free review in determining whether the constitutional requirements of due process have been satisfied, in light of the facts, which are undisputed in this case. *See State v. Crowe*, 131 Idaho 109, 111, 952 P.2d 1245, 1247 (1998).

During the trial, an arresting officer provided testimony about Tucker's arrest. The following exchange occurred during the officer's direct examination:

Prosecutor: What happened after you tackled him?

Officer: Officer Ayers jumped down from the retaining wall, grabbed one of his hands, Officer Brainard grabbed his other hand, and we handcuffed him without incident.

Prosecutor: What did you do with him?

Officer: I placed him in the back of my patrol car.

Prosecutor: Did you arrest him?

Officer: I *Mirandized* him at that point. He refused to say anything....

 Tucker did not object to the officer's statement that Tucker "refused to say anything." This Court generally will not address an issue not preserved for appeal by an objection in the trial court. *State v. Rozajewski*, 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct.App.1997). We may consider an issue embodying fundamental error in a criminal case, however, even though no objection was made at trial. *Id.*

 A fundamental error is one which so profoundly distorts the proceedings that it produces manifest injustice, depriving the criminal defendant of the fundamental right to due process. *State v. Hadley*, 122 Idaho 728, 731, 838 P.2d 331, 334 (Ct.App.1992). Fundamental error has been defined as error that goes to the foundation or basis of a defendant's rights, goes to the foundation of the case or takes from the defendant a right which was essential to his or her defense and which no court could or ought to permit to be waived. *State v. Babb*, 125 Idaho 934, 940, 877 P.2d 905, 911 (1994). An issue regarding an impermissible comment on a defendant's exercise of his right to remain silent may embody fundamental error. *See State v. White*, 97 Idaho 708, 714 n. 8, 551 P.2d 1344, 1350 n. 8 (1976); *State v. Martinez*, 128 Idaho 104, 111, 910 P.2d 776, 783 (Ct.App. 1995); *State v. Poland*, 116 Idaho 34, 36, 773 P.2d 651, 653 (Ct.App.1989); *but see State v. Major*, 105 Idaho 4, 10, 665 P.2d 703, 709 (1983). Thus, this Court will review the issue of the officer's comment on Tucker's post-*Miranda* silence, even in the absence of Tucker's objection.

 *Miranda* requires that law enforcement advise a person taken into custody that he has the right to remain silent; that anything he says may be used against him; and

---

1. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Because Tucker does not seek a greater scope of protection under the Idaho Constitution, we do not consider his state constitutional claim. *See State v. Ross*, 129 Idaho 380, 381, 924 P.2d 1224, 1225 (1996).

that he has the right to counsel. *See Miranda*, 384 U.S. at 467–73, 86 S.Ct. at 1624–27, 16 L.Ed.2d at 719–23. If a defendant has been arrested and received his *Miranda* warnings, the use, for impeachment purposes, of a defendant's silence after such warnings is a violation of a defendant's due process rights. *See Doyle v. Ohio*, 426 U.S. 610, 619–20, 96 S.Ct. 2240, 2245–46, 49 L.Ed.2d 91, 98–99 (1976). The Idaho Supreme Court has stated further, "If a prosecutor is allowed to introduce evidence of silence for any purpose, then the right to remain silent guaranteed in *Miranda v. Arizona* ... becomes so diluted as to be rendered worthless." *White*, 97 Idaho at 714–15, 551 P.2d at 1350–51. The United States Supreme Court has held that not every reference to a defendant's silence, however, is a *Doyle* violation. *See Greer v. Miller*, 483 U.S. 756, 764, 107 S.Ct. 3102, 3108, 97 L.Ed.2d 618, 629 (1987); *see also State v. Strouse*, 133 Idaho 709, 713–14, 992 P.2d 158, 162–63 (1999) (recognizing exception to *Doyle*); *State v. Urquhart*, 105 Idaho 92, 94, 665 P.2d 1102, 1104 (Ct.App.1983) (recognizing limitations to *Doyle*).

The state argues that the instant case is similar to *Greer* in which the United States Supreme Court determined that no *Doyle* violation occurred. In *Greer*, law enforcement officials gave the defendant his *Miranda* rights when he was arrested. During the defendant's cross-examination, the prosecutor asked him why he did not tell his story to anybody when he was arrested. Defense counsel immediately objected. The trial judge sustained the objection and instructed the jury to ignore the question. No further questioning or argument concerning the defendant's silence occurred. Out of the hearing of the jury, defense counsel moved for a mistrial, which the trial judge denied. The United States Supreme Court held that the prosecutor's question did not constitute a

*Doyle* violation because the trial court did not permit specific inquiry or argument regarding the defendant's post-*Miranda* silence. *Id.* at 763–66, 107 S.Ct. at 3107–09, 97 L.Ed.2d at 628–30; *see also Brecht v. Abrahamson*, 507 U.S. 619, 631 n. 6, 113 S.Ct. 1710, 1718 n. 6, 123 L.Ed.2d 353, 368 n. 6 (1993). The instant case, however, is distinguishable from *Greer*. Here, the witness answered the prosecutor's question, Tucker made no objection to the comment, and the judge did not instruct the jury to disregard the officer's statement.

*Martinez*, 128 Idaho 104, 910 P.2d 776, decided after *Greer*, is more factually similar and applicable.[3] As in the instant case, *Martinez* also involved a situation where the witness gave the statement referencing the defendant's post-arrest silence without objection by defense counsel and without a limiting instruction being given to the jury. In *Martinez*, we concluded that the witness' comment, "he chose not to talk to me," was inadmissible. *Id.* at 112–113, 910 P.2d at 784–785. The witnesses' comment here, "[h]e refused to say anything," is virtually identical to the comment held inadmissible in *Martinez*. Thus we conclude that this reference to Tucker's post-*Miranda* silence constitutes a *Doyle* violation.

Having determined that the officer's comment amounted to constitutional error, we now determine whether it was harmless. *See State v. LePage*, 102 Idaho 387, 390–97, 630 P.2d 674, 677–84 (1981) (fundamental error reviewed on appeal still may be harmless error). Commentary on a defendant's right to remain silent, if determined to be constitutional error, is subject to the harmless error analysis stated in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1975). *See Martinez*, 128 Idaho at 111, 910 P.2d at 783; *Poland*, 116 Idaho at 37, 773 P.2d at 654; *Urquhart*, 105

---

**3.** This Court described the testimony in *Martinez* as follows:

During the state's direct examination of Detective Lance Anderson, the following colloquy occurred:

Q. At the point where you had contact with [Martinez], were there any particular investigative steps that you were planning to take to obtain physical evidence from Mr. Martinez?

A. Yes.

Q. What was the nature of that particular investigative step?

A. I wanted to talk with him about what had happened from his perspective. However, he chose not to talk to me.

*Martinez*, 128 Idaho at 111, 910 P.2d at 783.

Idaho at 95, 665 P.2d at 1105. Thus, if the appellate court is convinced beyond a reasonable doubt that the same result would have been reached had the evidence been properly excluded, the error is harmless. *Chapman,* 386 U.S. at 24, 87 S.Ct. at 828, 17 L.Ed.2d at 710; *Martinez,* 128 Idaho at 111, 910 P.2d at 783; *State v. Stoddard,* 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct.App.1983).

We conclude that the *Doyle* violation in this case was harmless error. First, we note the context of the officer's comment. In response to the prosecutor's question, the officer made reference to Tucker's post-*Miranda* silence in a narrative of the events. The prosecutor did not pursue the officer's comment, attempt to draw attention to, or exploit the reference to Tucker's post-*Miranda* silence. Moreover, the passing remark, as part of a narrative of events, was not of such a nature that the jury would necessarily construe the officer's remark as a comment on Tucker's exercise of his right to remain silent. This situation is materially different from a situation in which the defendant's silence is used to bolster the prosecution's case. *See Strouse,* 133 Idaho 709, 992 P.2d 158 (reversible error occurred when prosecution repeatedly referred to defendant's silence during cross-examination and in closing arguments).

Second, the evidence against Tucker was overwhelming. Tucker and his wife, Debbie, lived with three friends, Janice Boley, Donald Roberts and Max Casper. Debbie was in the process of seeking a divorce from Tucker. Various witnesses presented testimony regarding the events of the day in question. Roberts testified that Tucker and Debbie were arguing that day and that Tucker was intoxicated and ranting at everyone in the house. Boley testified that she saw Tucker loading a gun and warned the others. Boley further testified that she heard Tucker say he had a bullet with each of their names on it. Debbie testified that she tried to call 911, but Tucker broke the phone while taking it from her, and that she and Boley ran to a neighbor's house and called the police. Roberts testified that Tucker asked him if he "wanted to be the first" and that Tucker pointed the gun at Roberts and pulled the

trigger several times, but the gun did not fire. Roberts further testified that Tucker then aimed the gun at the ceiling, pulled the trigger, and the gun discharged. The police officer responding to the call testified that she heard the gunshot as she arrived at the scene.

Based on the record, we are convinced beyond a reasonable doubt that the jury still would have found Tucker guilty of aggravated assault with a deadly weapon even if the officer had not made the passing reference about Tucker's silence. Accordingly, we determine that the officer's brief narrative regarding Tucker's post-*Miranda* silence was harmless error.

### III.

### WEAPONS ENHANCEMENT

■ After the jury returned a guilty verdict, the district court sentenced Tucker to an enhanced term of imprisonment pursuant to I.C. § 19–2520 for use of a deadly weapon in the commission of the aggravated assault. Tucker argues that the jury did not decide upon the weapons enhancement question as required by the recent case of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the United States Supreme Court held that due process requires that any fact, other than of a prior conviction, that increases the penalty for a crime beyond the statutory maximum, must be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 490, 120 S.Ct. at 2362, 147 L.Ed.2d at 455.

■ This Court has held that when the use of a deadly weapon is an essential element of the crime charged, upon rendering its verdict, the jury has already made its factual determination as to whether a deadly weapon has been used. *State v. Hernandez,* 120 Idaho 653, 659, 818 P.2d 768, 774 (Ct. App.1991). *Hernandez* is consistent with *Apprendi.* *Hernandez* permits the district court to rely on the jury's determination that the defendant used a deadly weapon if the crime of which the defendant was found guilty already involves the use of a deadly weapon as an *essential element.* Consequently, in those cases, the district court

need not specially submit the issue to the jury for a separate finding that the defendant used a deadly weapon. *Id.*

In this case, we conclude that *Apprendi's* requirement was satisfied. The district court instructed the jury on the elements of aggravated assault in Instruction 13A, which states in relevant part, with emphasis supplied:

> In order for DARRELL RAY TUCKER to be guilty of Aggravated Assault, the state must prove each of the following: On or about November 16, 1999 in the state of Idaho DARRELL RAY TUCKER committed an assault upon Donald Keith Roberts, *with a deadly weapon.*
>
> If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty of Aggravated Assault. If each of the above has been proved beyond a reasonable doubt, you must find the defendant guilty of Aggravated Assault. . . .

Additionally, the district court instructed the jury that a firearm was a "deadly weapon" in Instruction 13B, and instructed the jury on the definition of reasonable doubt in Instruction 5.[4] The jury determined that Tucker was guilty of aggravated assault. Thus, it was the trier of fact who determined that Tucker had used a deadly weapon prior to the district court's imposition of the weapon enhancement. Accordingly, the district court's weapon enhancement to Tucker's sentence was not error.[5]

## IV.

### SENTENCING

Tucker also argues that the district court abused its discretion by enhancing Tucker's sentence based on the erroneous belief that the enhancement was mandatory under I.C.

§ 19–2520, and also by imposing an excessive sentence.

Tucker's first argument is that the district court misunderstood the weapons enhancement under I.C. § 19–2520 as requiring enhancement of Tucker's sentence. Tucker, however, has not provided any citations to the record or the transcript that support his contention that the district court misunderstood the statute. This Court will not presume error without a basis established in the record. *See State v. Beason,* 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct.App.1991).

Tucker next argues that his sentence was excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett,* 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct.App.2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

We note the presentence report recommended that Tucker be incarcerated for a period of time deemed appropriate by the district court. At sentencing, the district court stated that, in imposing Tucker's sen-

---

4. We note that the definition of a "deadly weapon" for a sentence enhancement under I.C. § 19–2520 differs from the definition of a "deadly weapon" in defining an aggravated assault under I.C. § 18–905. The district court gave its deadly weapon definition instruction based on I.C. § 18–905. In the instant case, however, the operability of the gun was not at issue. Thus, it is not necessary to address the differing definitions of a "deadly weapon" in this opinion.

5. Nevertheless, in light of *Apprendi* and its possible extension under developing case law, this Court urges Idaho courts to use ICJI 1602 (use of a firearm or deadly weapon) and ICJI 222 (verdict form—multiple counts and special circumstance) or ICJI 224 (verdict form with questions) to avoid the constitutional issues that may arise.

tence, it was keeping in mind the four sentencing objectives of the protection of society, deterrence, potential for rehabilitation, and punishment. The district court focused on the protection of society objective, expressing concern due to Tucker's lengthy criminal background and his habit of dealing with issues in a physical or violent manner. It found that a determinate period of five years was reasonable to reflect the violent nature of the crime and Tucker's inability to control his reactions. Having reviewed the record in this case, we cannot say that the district court abused its discretion in imposing Tucker's sentence.

## V.

### CONCLUSION

We conclude the officer's comment on Tucker's post-*Miranda* silence at trial amounted to harmless error. We also conclude the jury determined the fact of the use of a deadly weapon necessary for the district court's sentence enhancement. Finally, we conclude the district court did not abuse its discretion in sentencing Tucker to a unified term of twenty years, with five years determinate. Accordingly, Tucker's judgment of conviction and sentence are affirmed.

Chief Judge LANSING and Judge Pro Tem SCHWARTZMAN concur.