181 P.3d 508

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David Darwin DONK, Defendant–Appellant.**

Nos. 33055, 33056.

Court of Appeals of Idaho.

Sept. 26, 2007.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Thomas Tharp, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

David Darwin Donk appeals from his judgment of conviction for aggravated assault with a sentence enhancement for using a deadly weapon during the crime. He asserts that the district court erred by imposing a sentence enhancement when the enhancement issue had not been submitted to the jury. We agree that error occurred and therefore vacate the sentence and remand for resentencing.

## I.

## BACKGROUND

On August 28, 2005, Donk and his girlfriend, Sheila Anderson, had a dispute. At one point during the fight, Donk told her that she had thirty minutes to live. Several other individuals who were in the house convinced Anderson that it would be prudent to leave. As they were getting into their vehicles, Donk came to the front door holding a shotgun in one hand. Because of this incident he was arrested and charged with aggravated assault, Idaho Code §§ 18–901, –905. The information alleged that the offense was aggravated assault, a felony, rather than simple assault, a misdemeanor, because it was committed with a deadly weapon. *See* I.C. § 18–905(a). The information also alleged that Donk was subject to an enhancement of his sentence for using a deadly weapon during the assault pursuant to I.C. § 19–2520.

A jury trial was conducted, and the jury returned a verdict finding Donk guilty of aggravated assault.[1] Before the jury was released, the attorneys had a conversation with the court about the deadly weapon enhancement, which had not been submitted to the jury. The prosecutor argued that it was unnecessary to obtain a separate verdict on the deadly weapon enhancement because the jury had already found that Donk used a deadly weapon in the commission of the aggravated assault. The prosecutor urged the court to find as a matter of law that the aggravating factor had been proven and found by the jury. The prosecutor also said

that he was willing to "rise or fall" on this argument and therefore would consent to excusing the jury. After giving the parties an opportunity to brief the issue, the district court ultimately accepted the State's position, ruling that the requisite elements of the sentence enhancement had been found by the jury.

Because of this sentence enhancement, the maximum term of imprisonment to which Donk could be subject was increased from five years, I.C. § 18–906, to twenty years, I.C. § 19–2520. Donk received a unified sentence of ten years with one year determinate. He now appeals, arguing that the enhancement of his sentence for use of a deadly weapon is impermissible because the jury did not find the facts necessary to sustain the enhancement.

## II.

## ANALYSIS

Donk argues that his constitutional rights to due process and to a jury trial were violated because the jury did not find beyond a reasonable doubt the facts necessary to support the weapons enhancement. The imposition of this sentence enhancement, he asserts, thus runs afoul of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the United States Supreme Court held that the Sixth Amendment right to a jury trial and the Fourteenth Amendment guarantee of due process require that any fact, other than a prior conviction, that increases the penalty for a crime beyond an otherwise-applicable maximum, must be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 490, 120 S.Ct. at 2362, 147 L.Ed.2d at 454. Additionally, the Idaho statute authorizing the weapons enhancement provides that it is to be found "by the trier of fact at the trial of the substantive crime." I.C. § 19–2520. Donk argues that although the jury found him guilty of aggravated assault which had, as one element, the use of a firearm, this finding did not substitute for a finding on the

---

1. He was also charged with and convicted of possession of a controlled substance, possession of drug paraphernalia, and obstructing an officer. Those convictions are not at issue in this appeal.

weapons enhancement because there are conflicting statutory definitions of what constitutes a firearm.

Donk is correct that significantly different definitions are in play here. The aggravated assault statute, I.C. § 18–905, which includes within that offense an assault with a deadly weapon, defines "deadly weapon" to include, "any firearm, *though . . . so defective that it can not be fired.*" I.C. § 18–905(d) (emphasis added). In contrast, the deadly weapon sentence enhancement statute, I.C. § 19–2520, which mandates an extended sentence for the use of a firearm or other deadly weapon in certain crimes, defines "firearm" as "any deadly weapon capable of ejecting or propelling one or more projectiles by the action of any explosive or combustible propellant, and includes unloaded firearms and *firearms which are inoperable but which can readily be rendered operable.*" (Emphasis added.) Thus, one can be convicted of aggravated assault for the use of a firearm that is so defective that it cannot be fired, but a sentence enhancement is permitted only if the firearm was operable or could have readily been rendered operable. In Donk's trial, the jurors were instructed on the definition of deadly weapons for commission of aggravated assault, but, because the enhancement issue was not presented to them, they were not asked to consider whether the State had met its burden to prove that the firearm that Donk used was operable or could have been readily rendered operable.

■ It is not always necessary to submit a sentencing enhancement to the jury, for a jury's determination on the underlying charge sometimes encompasses the elements necessary for the enhancement. For example, in *State v. Hernandez*, 120 Idaho 653, 818 P.2d 768 (Ct.App.1991), the deadly weapon enhancement was applied by the trial court after the defendant had been found guilty of aggravated battery by stabbing the victim with a knife. The enhancement was not specifically submitted to the jury, but the jury had been instructed that one of the requirements of aggravated battery was that the battery was committed with a deadly weapon. We said:

> [W]here the use of a firearm or deadly weapon is an essential element of the crime for which a defendant is charged and he is found guilty, the jury has already made its factual determination as to whether the particular weapon has been used, and the judge need not submit the issue to the jury for a special finding to determine whether a firearm or deadly weapon was used.

*Id.* at 659, 818 P.2d at 774. In *Hernandez,* the definition of firearm found in the enhancement statute was not a factor, however, because the crime there was committed with a knife.

In *State v. McLeskey,* 138 Idaho 691, 69 P.3d 111 (2003), the Idaho Supreme Court examined the interaction of the aggravated assault and deadly weapon enhancement statutes. In that case, a jury had found the defendant guilty of aggravated assault for shooting at the victim during a burglary and also found the deadly weapon sentence enhancement applicable. The Supreme Court vacated the defendant's conviction because of trial errors but also discussed the instruction which should be given in a new trial on remand with respect to the firearm enhancement. In McLeskey's trial, the district court had instructed the jury on only the I.C. § 18–905(d) definition of deadly weapon applicable to the offense of aggravated assault and did not include the I.C. § 19–2520 definition for the firearm enhancement. The Supreme Court noted that "[t]hese two statutes are obviously not identical." *McLeskey,* 138 Idaho at 698, 69 P.3d at 118. While acknowledging that the failure to instruct on the definition under the firearm enhancement statute "may have been harmless in this case," the Court directed that on remand, the jury should be instructed on the definition found in the enhancement statute.

Prior to the Supreme Court's decision in *McLeskey,* we addressed a similar issue in *State v. Tucker,* 138 Idaho 296, 62 P.3d 644 (Ct.App.2003). In that case the jury found the defendant guilty of aggravated assault involving the discharge of a firearm, and the district court then imposed a sentence that was enhanced for use of a deadly weapon in commission of that crime, reasoning that the

jury had found the essential elements of the enhancement although the enhancement issue was not submitted to the jury. The defendant argued that this violated *Apprendi*. We determined there was no *Apprendi* violation because the jury had found the essential elements of the weapons enhancement. We acknowledged the distinction in the two statutory definitions of firearm but noted that in Tucker's trial, where the gun was fired during the assault, the operability of the gun was not at issue. *Tucker*, 138 Idaho at 301 n. 4, 62 P.3d at 649 n. 4. *See also State v. LePage*, 138 Idaho 803, 811–12, 69 P.3d 1064, 1072–73 (Ct.App.2003) (firearm enhancement did not need to be submitted to jury when jury was instructed that an essential element of the crime of first degree murder was that the defendant intentionally, willfully, deliberately and premeditatedly killed the victim by shooting him with a firearm). In light of the Supreme Court's subsequent opinion in *McLeskey*, it may have been more accurate for this Court to have held in *Tucker* that the failure to submit the firearm enhancement to the jury was harmless error rather than no error, a distinction which would have made no difference in the outcome of that appeal.

In this case, unlike in *Tucker* and *McLeskey*, there was no evidence that Donk actually discharged the firearm during the course of the assault and no other direct evidence that the weapon was operable at that time. In light of this state of the evidence and the distinctions in the statutory definitions, the jury's finding that Donk committed aggravated battery using a firearm was not the equivalent of a finding that he used a firearm for purposes of the deadly weapon sentence enhancement.

■ The question, then, is whether the error in failing to submit the weapons enhancement issue to the jury was harmless. In *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), the United States Supreme Court held that jury instructions' omission of an element of the charged crime can be harmless. The Court applied the traditional test for determining whether constitutional error is harmless—whether it appears beyond a reasonable doubt that the

error did not contribute to the jury's verdict. *Id.* at 15, 119 S.Ct. at 1836, 144 L.Ed.2d at 50. Otherwise stated, the query is whether "the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Id.* at 16, 119 S.Ct. at 1837, 144 L.Ed.2d at 51. The *Neder* court concluded that this standard is met where "a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence." *Id.* at 17, 119 S.Ct. at 1837, 144 L.Ed.2d at 52. In further explanation of the standard on review, the *Neder* Court continued:

> [A] court, in typical appellate-court fashion, asks whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element. If the answer to that question is "no," holding the error harmless does not "reflec[t] a denigration of the constitutional rights involved." On the contrary, it "serve[s] a very useful purpose insofar as [it] block[s] setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial."

*Neder*, 527 U.S. at 19, 119 S.Ct. at 1839, 144 L.Ed.2d at 53 (internal quotation marks and citations omitted).

Many courts have found the *Neder* harmless error standard applicable to claims of *Apprendi* violations in the imposition of sentence enhancements. *See State v. Gordon*, 262 Wis.2d 380, 663 N.W.2d 765, 776–77 (2003) (noting nearly universal application of the *Neder* harmless error analysis to *Apprendi*-type errors); *United States v. Matthews*, 312 F.3d 652 (5th Cir.2002) (although enhancement for committing a gang crime was not found by the jury, the error was harmless because the evidence was extensive, overwhelming, and essentially uncontradicted on the elements necessary to prove the enhancement); *People v. Coleman*, 347 Ill. App.3d 266, 282 Ill.Dec. 525, 806 N.E.2d 1113 (2004) (finding by judge of sentencing enhancement for brutal murder violated *Apprendi*, but the error was harmless because, given the significant evidence of a particularly heinous murder, the jury also would have

found this enhancement); *State v. Wright*, 70 Conn.App. 807, 800 A.2d 1218 (2002) (failure to submit firearm sentencing enhancement to jury violated *Apprendi*, but was harmless because the record established the elements of the enhancement with overwhelming evidence).

We therefore examine the evidence presented in Donk's case to determine whether a jury rationally could have found that the State failed to prove the omitted element for the sentence enhancement—that Donk's firearm was capable of firing or, if inoperable, could have readily been rendered operable. Donk's trial included no direct evidence that the weapon was operable. That is, there was neither evidence that Donk fired the weapon during the incident nor evidence that law enforcement officers tested it for operability after the weapon was seized as evidence. The trial testimony indicated that Donk came to the front door holding a shotgun. Earlier that day, he had been overheard muttering that he could "pull the trigger" and said "I just don't know who is gonna be at the end." A few minutes before the incident, he told the victim that she had thirty minutes to live. Witnesses who lived with Donk testified that he kept a shotgun in the house, and that sometimes he would "play" with the gun by repeatedly loading and unloading the weapon. Approximately eighteen hours after the incident, the police arrested Donk and found a loaded shotgun beside the bed where he had been sleeping. They also found spare ammunition. This is circumstantial evidence from which it *could be* inferred that at the time of the incident the shotgun was operable or easily could have been rendered so. It is not, however, conclusive or overwhelming evidence that would compel such a finding. On this record, a correctly instructed jury rationally could have found that the State failed to meet its burden of proving beyond a reasonable doubt that Donk's firearm was operable or could be readily rendered operable. Consequently, the error was not harmless when the district court incorrectly concluded that the jury's finding that Donk used a firearm in committing an assault was the equivalent of the factual finding needed for a deadly weapon sentence enhancement. It

follows that the enhancement portion of Donk's sentence must be vacated.

Here, the district court failed to specify at sentencing what portion of the sentence was for the underlying charge and what portion constituted the enhancement under I.C. § 19–2520. When a sentence is enhanced under I.C. § 19–2520, the sentence for the underlying crime and the enhancement are "one continuous sentence with two distinct segments," *State v. Kaiser*, 106 Idaho 501, 502, 681 P.2d 594, 595 (Ct.App.1984), and each segment should be separately pronounced so the propriety of either component of the sentence can be determined in the event of any judicial review of the sentence. *State v. Storey*, 109 Idaho 993, 997, 712 P.2d 694, 698 (Ct.App.1985). In this case, if the district court had segmented the sentence appropriately, we could simply vacate the enhancement portion, but because of the lack of segmentation, we must remand to the district court for resentencing.

Donk's sentence is vacated, and the case is remanded for resentencing without a section 19–2520 enhancement.

Chief Judge PERRY and Judge GUTIERREZ concur.