**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36725**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2010 Unpublished Opinion No. 568** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: July 29, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JUSTIN CURTIS WALTMAN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Power County. Hon. Peter D. McDermott, District Judge.

Judgment of conviction and unified concurrent sentences of twenty-five years, with a minimum period of confinement of ten years, for lewd conduct with a minor child under sixteen, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Mark J. Ackley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Justin Curtis Waltman pled guilty to two counts of lewd conduct with a minor child under sixteen. Idaho Code § 18-1508. The district court sentenced Waltman to a unified term of twenty-five years, with a minimum period of confinement of ten years on each count, to be served concurrently. Waltman appeals asserting that the district court abused its discretion by improperly considering inadmissible and unreliable allegations and failing to adequately consider mitigating circumstances, resulting in the imposition of an excessively harsh sentence.

1

Waltman asserts that the district court abused its discretion when it considered a dismissed count of genital-to-genital contact when imposing sentence, a claim that Waltman consistently denied. He points to the following questions and answers at sentencing:

THE COURT: Do you admit or deny that you had contact with her vagina with your penis skin-to-skin -- not intercourse, but skin-to-skin?
THE DEFENDANT: I deny that.
THE COURT: She says you did.
THE DEFENDANT: I didn't do that.
THE COURT: She is lying then?
THE DEFENDANT: On that part she is.

First, Waltman did not object to the questions and has not demonstrated fundamental error such that the asserted error may be reviewed on appeal. *See State v. Babb*, 125 Idaho 934, 940, 877 P.2d 905, 911, (1994); *State v. Rozajewski*, 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct. App. 1997). Second, nothing about the court's questions, probing Waltman's resolve in his denial of the claim, suggest that the court relied, in any way, on the dismissed charge, or abused its discretion, particularly in light of the fact that shortly thereafter Waltman's counsel directed the court's attention to the polygraph result which showed no deception in such denial.

Waltman further claims that the district court abused its discretion when it relied upon a statement contained within the PSI made by the victim's guardian ad litem on behalf of the victim. First, again, Waltman did not object to the statement and has not demonstrated fundamental error such that the asserted error may be reviewed on appeal. *See id*. Second, while the district court noted, from review of the PSI, that Waltman's actions had a detrimental effect on the victim, the record does not indicate that the court's comment was based upon the guardian ad litem's statement or that it undermined the court's consideration of legitimate sentencing factors resulting in an abuse of discretion. *See State v. Deisz*, 145 Idaho 826, 832, 186 P.3d 682, 688 (Ct. App. 2008).

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho

722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case with consideration of Waltman's arguments regarding mitigation, we cannot say that the district court abused its discretion.

Therefore, Waltman's judgment of conviction and sentences are affirmed.