**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36592**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 702 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 9, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DARRELL LYNN DUMAS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order of restitution, affirmed.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Darrell Lynn Dumas appeals from the judgment of conviction entered upon a jury's verdict finding him guilty of possession of methamphetamine. Idaho Code § 37-2732(c)(1).

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Dumas was convicted by a jury of one count of possession of methamphetamine. At the sentencing hearing, the State requested restitution for the costs of investigation and prosecution through trial in the amount of $2,278.01. The district court ordered the restitution requested by the State. Dumas appeals the restitution order.[1] We affirm.

_____

[1] Dumas withdrew his claim of error relative to the introduction of evidence under Idaho Rule of Evidence 404(b).

1

## II.

## ANALYSIS

Dumas contends that the district court executed a vindictive sentence upon him in the form of increased restitution as a result of his exercise of his right to a jury trial. Dumas does not argue actual malice on the part of the district court, but simply by ordering restitution for costs associated with trial, he was punished for demanding his right to a jury trial. He contends that the order violates his due process rights as well as constituting an abuse of discretion by the district court.

Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The district court's award of restitution was, apparently, based upon I.C. § 37-2732(k) which provides:

> [T]he court may order restitution for costs incurred by law enforcement agencies in investigating the violation. Law enforcement agencies shall include, but not be limited to, the Idaho state police, county and city law enforcement agencies, the office of the attorney general and county and city prosecuting attorney offices. Costs shall include, but not be limited to, those incurred for the purchase of evidence, travel and per diem for law enforcement officers and witnesses throughout the course of the investigation, hearings and trials, and any other investigative or prosecution expenses actually incurred, including regular salaries of employees.

Dumas did not object to the restitution request or raise the due process claim in the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Dumas asserts that the district court's decision may be reviewed on the basis of fundamental error, but provides no authority in this context. A party waives an issue on appeal if either authority or argument is

lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). This Court will not address an issue not preserved for appeal by an objection in the trial court. *State v. Rozajewski*, 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct. App. 1997). We may consider fundamental error in a criminal case, even though no objection was made at trial. *Id.*

However, by specifically agreeing to an order of restitution in lieu of imposition of any fines, Dumas invited any error. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986). At sentencing, Dumas's counsel stated:

> We would ask that you be lenient in fines in this case. We would actually ask that you suspend all fines, just impose court costs and the restitution because it is a pretty hefty sum and he will have some difficulty paying that.

Thus, Dumas agreed to restitution in order to avoid imposition of additional fines. Dumas cannot now claim error regarding the order of restitution which he consented to or acquiesced in.

### III.

### CONCLUSION

Based upon the foregoing, the district court's order of restitution is affirmed.

Chief Judge LANSING and Judge MELANSON, **CONCUR.**

3