22 P.3d 116

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Irene Alta BEARD, Defendant–Appellant.**

**No. 24867.**

Court of Appeals of Idaho.

April 6, 2001.

Neal S. Randall, Idaho Falls, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney

General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Judge.

Irene Alta Beard appeals from her judgments of conviction entered after a jury found her guilty of racketeering and four counts of illegal collection activity. Beard also appeals from the district court's orders granting the state's motion for costs of prosecution and the state's request for the forfeiture of Beard's property. For the reasons set forth below, we affirm in part, vacate in part, and reverse in part.

## II.

## BACKGROUND

On June 6, 1997, Beard was charged by amended complaint in Case No. 97–612 with racketeering, I.C. § 18–7803; issuing an insufficient funds check, I.C. § 18–3106(b); intimidating a witness, I.C. § 18–2604(2); six counts of failing to register securities offered for sale, I.C. § 30–1416; three counts of illegal banking activity, I.C. § 26–1201; and ten counts of illegal collection activity, I.C. § 26–2223. On May 6, 1997, Beard filed a motion to disqualify district judge Anderson, who was presiding over the case.

On June 19, 1997, Beard was charged in Case No. 97–2343 by grand jury indictment with the identical charges plus four additional counts of grand theft, I.C. §§ 18–2403, –2407. The record reflects that district judge Anderson presided over the grand jury indictment.

On June 24, 1997, Beard also filed a motion to disqualify district judge St. Clair, who at that time was presiding over both cases.[1] The state filed a motion to consolidate Case No. 97–612 and Case No. 97–2343. A hearing was held at which both motions were argued. At the conclusion of the hearing, the district court took both motions under advisement. At a subsequent hearing, the district court first denied Beard's motion to disqualify and then granted the state's motion to consolidate the two cases. At the conclusion of the hearing, the state declared its intention to dismiss Case No. 97–612.

On January 2, 1998, Beard filed a motion to quash the indictment on the ground that district judge Anderson failed to rule on the motion to disqualify filed in Case No. 97–612 before presiding over the grand jury indictment in Case No. 97–2343. The motion was denied by the district court. Beard filed a motion for reconsideration, which was also denied.

Thereafter, the indictment was amended on three separate occasions. Certain charges were dismissed and others were amended. In its final form, the indictment charged Beard with racketeering, intimidating a witness, four counts of failing to register securities offered for sale, and four counts of illegal collection activity.

Following a trial, the jury found Beard guilty of racketeering, three counts of failing to register securities offered for sale, and four counts of illegal collection activity. The jury acquitted Beard of intimidating a witness and of one count of failing to register securities offered for sale. Beard filed a motion for judgment of acquittal and a motion for new trial. The district court partially granted Beard's motion for new trial, granting a new trial as to the three counts of failing to register securities offered for sale. However, the district court denied Beard's motion for judgment of acquittal. Beard filed a motion for reconsideration, which was denied by the district court.

For racketeering, the district court sentenced Beard to a unified term of ten years, with two years fixed. For one count of illegal collection activity, the district court sentenced Beard to a unified term of three years, with two years fixed. For the other three counts of illegal collection activity, the district court sentenced Beard to unified terms of three years. The district court ordered that the sentences for illegal collection activity would run consecutive to each other and concurrent with the sentence for racketeering. Consequently, the district court sentenced Beard to an aggregate term

1. The motions to disqualify district judges Anderson and St. Clair failed to state any grounds for removal for cause pursuant to I.C.R. 25.

of twelve years, with two years fixed. The district court also ordered restitution to victims in the aggregate amount of $515,878.

Based upon Beard's racketeering conviction, the district court granted the state's motion for costs of prosecution in the amount of $35,058.08 and the state's request for the forfeiture of Beard's property. Although the value of the forfeiture is difficult to ascertain from the record, it appears to be in excess of $265,000. The district court ordered that the forfeiture "shall be used first to pay restitution to the victims and second used to pay restitution of costs to the state."

Beard filed an I.C.R. 35 motion for reduction of her sentences. The district court partially granted the motion by reducing the fixed portion of Beard's sentences for racketeering and one count of illegal collection activity from two years to one and one-half years. Consequently, the district court effectively reduced Beard's aggregate sentence to twelve years, with one and one-half years fixed. Beard appeals.

## II.

## ANALYSIS

### A. Motions to Disqualify

On appeal, Beard argues that the district court violated the mandate of I.C.R. 25(d) that upon "the filing of a motion for disqualification, the presiding judge shall be without authority to act further in such action except to grant or deny such motion for disqualification." The district court may not take any action, other than ruling on the motion to disqualify, after the motion has been filed. *State v. Larios*, 129 Idaho 631, 633, 931 P.2d 625, 627 (1997).

Beard contends that district judge Anderson acted without authority to preside over the grand jury indictment in Case No. 97–2343 without first ruling upon Beard's motion to disqualify in Case No. 97–612. The cases, however, were two separate and distinct actions. A motion to disqualify in one case is inapplicable to the other. Consequently, the motion to disqualify in Case No. 97–612 did not affect district judge

Anderson's ability to preside over the grand jury indictment in Case No. 97–2343.

Beard also contends that district judge St. Clair was without authority to hear oral argument regarding the state's motion to consolidate without first ruling upon Beard's motion to disqualify in Case No. 97–2343. Beard asserts that "hearing the State's arguments on its motion to consolidate was tantamount to taking action" in violation of Rule 25(d). However, a district court does not "act" upon a motion for purposes of Rule 25(d) until the district court either grants or denies the motion. The district court does not "act" simply by listening to the presentation of the motion. In the instant case, the district court denied Beard's motion to disqualify before it took action to grant the state's motion to consolidate. Consequently, the district court was not without authority pursuant to Rule 25(d) to rule upon the state's motion to consolidate.

### B. Racketeering

On appeal, Beard argues that the district court erred in denying Beard's motion to instruct the jury that "willfulness" is an element of the predicate acts supporting the racketeering charge. The predicate acts upon which Beard was found guilty of racketeering were three acts of security fraud, I.C. § 30–1403, and three acts of failing to register as a broker/dealer of securities. I.C. § 30–1406(1).

The question of whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App.1993).

Idaho Code Section 18–7803 provides that racketeering "means any [predicate] act which is *chargeable or indictable* under the following sections," which acts include securities fraud and failing to register as a broker/dealer of securities. (Emphasis added.). Pursuant to I.C. § 30–1443, these two predi-

cate acts cannot be chargeable or indictable as criminal acts unless they are "willfully" committed. Thus, the district court erred in not instructing the jury that "willfulness" was an element of the predicate acts supporting the racketeering charge. The state agrees and conceded at oral argument that the jury was erroneously instructed on the racketeering charge. Therefore, Beard's judgment of conviction for racketeering must be vacated. As products of Beard's racketeering conviction, the district court's orders granting the state's motion for costs of prosecution and the state's request for the forfeiture of Beard's property must also be reversed. *See* I.C. § 18–7804(f), (g).

▮ For purposes of clarification on remand, however, this Court will address Beard's argument on appeal that the state's request for forfeiture was untimely filed. Beard contends that the state failed to file its forfeiture request under I.C. § 18–7804(g) within fourteen days of the filing of the criminal indictment in violation of I.C. § 37–2804. However, we are not persuaded that the procedures in I.C. § 37–2804 apply to forfeiture requests under I.C. § 18–7804(g).

Idaho Code Section 18–7804(g) provides for the forfeiture of certain interests and property under the racketeering act. Idaho Code Section 37–2804 governs the forfeiture of certain property under the Uniform Controlled Substances Act, I.C. §§ 37–2701 to – 2751. Neither statute references the other. Moreover, the language of I.C. § 37–2804 expressly provides that it applies only to the forfeiture of property by persons convicted under the Uniform Controlled Substances Act. *See also* I.C. § 37–2801. Accordingly, we decline to engraft the forfeiture procedures in I.C. § 37–2804 onto forfeiture requests made pursuant to I.C. § 18–7804(g). *See generally State v. Knott,* 132 Idaho 476, 479, 974 P.2d 1105, 1108 (1999); *State v. Gibson,* 126 Idaho 256, 257, 881 P.2d 551, 552 (Ct.App.1994). Consequently, the fourteen-day time period found in I.C. § 37–2804 does

not apply to the state's request for the forfeiture of property under the Racketeering Act.

## C. Illegal Collection Activity

### 1. Amendment of the Indictment

▮ On appeal, Beard contends that the indictment on the four counts of illegal collection activity was improperly amended without resubmission to the grand jury and that her constitutional rights were thereby violated.[2] Idaho Criminal Rule 7(e) provides that the "court may permit a complaint, an information or *indictment* to be amended at any time before the prosecution rests if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." (Emphasis added.) *See also* I.C. §§ 19–1420, –1419. Generally, a district court's decision under Rule 7(e) is reviewed for an abuse of discretion. *State v. Tribe,* 126 Idaho 610, 611–12, 888 P.2d 389, 390–91 (Ct.App.1994).

The record reveals that on June 19, 1997, Beard was charged by indictment with four counts of illegal collection activity in violation of I.C. § 26–2223(6). On January 8, 1998, the state moved to amend the indictment in order to conform the four counts to the statutory language in I.C. § 26–2223(6). The district court granted the state's motion. The four counts of illegal collection activity were amended by adding to the end of each count the phrase "without being authorized by the State of Idaho to do so."

▮ Beard has not provided this Court with the transcript of the hearing held on January 8, 1998, to show that Beard objected to the amendment at that hearing. Nor has Beard provided this Court with the transcript of the grand jury proceedings to show that the amended indictment did not conform to the evidence presented to the grand jury. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko,* 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct.App.1985). In the absence

---

2. Beard also argues that the district court abused its discretion in allowing the amendment of two counts of failing to register securities offered for sale. The jury acquitted Beard on one of the two counts, and the district court granted Beard's motion for new trial as to the other count. Consequently, this Court will not consider the amendment of these two counts on appeal.

of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct.App.1991). Thus, the record before this Court does not show that Beard objected to the state's motion to amend the four counts of illegal collection activity. Generally, this Court will not address an issue not preserved for appeal by an objection in the trial court. *State v. Johnson*, 126 Idaho 892, 896, 894 P.2d 125, 129 (1995); *State v. Rozajewski*, 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct.App.1997). However, we may consider fundamental error when no objection was made at trial. *Johnson*, 126 Idaho at 896, 894 P.2d at 129, *Rozajewski*, 130 Idaho at 645, 945 P.2d at 1391. Although Beard generally asserted for the first time at oral argument in response to questions from the Court that the amendment of the indictment constituted fundamental error, a review of Beard's brief on appeal reveals that Beard failed to present any cogent argument or authority in support of her assertion. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Because Beard has failed to show that she preserved the issue by objecting below and because she has failed to present a cogent argument or any authority that the amendment constituted fundamental error, we will not consider Beard's issue on appeal that the district court erred in granting the state's motion to amend the four counts of illegal collection activity contained in the indictment.[3]

## 2. Sufficiency of the Evidence

On appeal, Beard argues that there was insufficient evidence to support the jury's verdict that she committed four counts of illegal collection activity in violation of I.C. § 26–2223(6). Beard contends that I.C. § 26–2223(6) criminalizes only those unlicensed debt collection activities committed by a person working on behalf of a creditor and that there was insufficient evidence to show

that she worked on behalf of a creditor. In response, the state argues that I.C. § 26–2223(6) criminalizes unlicensed debt collection activities committed by any person, regardless of whether the person is working on behalf of a debtor or a creditor, and that the evidence was sufficient to support the jury's verdict.

First, we will consider the statutory interpretation question. We exercise free review in questions of statutory construction. *State v. Evans*, 134 Idaho 560, 563, 6 P.3d 416, 419 (Ct.App.2000). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When the Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is "incumbent upon a court to give a statute an interpretation which will not render it a nullity." *State v. Nelson*, 119 Idaho 444, 447, 807 P.2d 1282, 1285 (Ct.App.1991). Where ambiguity exists as to the elements of a crime, this Court will strictly construe the criminal statute in favor of the defendant. *Rhode*, 133 Idaho at 462, 988 P.2d at 688.

Idaho Code Section 26–2223 provides that "no person shall without complying with the

---

**3.** We note that one of the four counts of illegal collection activity was again amended on February 2, 1998. In it is original form two creditors were listed. In its amended form only one creditor was listed. Although Beard objected below to the amendment, Beard does not raise the issue on appeal. No other amendments were made to the four counts of illegal collection activity prior to the jury's verdict in this case.

terms of this act and obtaining a permit from the [department of finance] ... (6) Engage or offer to engage in the business of receiving money from debtors for application to or payment of or prorating of any creditor or creditors of such debtor." Idaho Code Section Section 26–2222(5) defines the term "creditor" as "any person who transfers to a permittee accounts due and owing for collection purposes."

■■■■ Beard appears to argue on appeal that a creditor would not transfer an account due and owing to a person working on behalf of a debtor and that the term "permittee" therefore must refer exclusively to a person working on behalf of a creditor. Idaho Code Section 26–2222(8) defines a permittee as "a person who has a permit to do business as a collection agency, or debt counselor, or credit counselor in Idaho." The term "collection agency" is defined broadly as any "person who engages in any of the activities enumerated in section 26–2223." I.C. § 26–2222(3). The activities enumerated in I.C. § 26–2223 include a number of activities that are clearly performed by a person working on behalf of a creditor, such as collecting payment for others for any indebtedness. *See* I.C. § 26–2223(2). The terms "debt counselor" is defined much more narrowly; the definition does not include the activity of collecting payment for others but rather includes only the activity described in I.C. § 26–2223(6). I.C. § 26–2222(10). Had the legislature intended that the term "debt counselor" refer exclusively to persons who worked on behalf of a creditor in collecting payments owed, as suggested by Beard, the definition of "debt counselor" would not have been so narrowly drafted. Beard asserts that she was not a "debt counselor" but was rather a "debt negotiator." We reject Beard's assertion because it raises form over substance and thereby ignores the actual *activity* for which Beard was found guilty. A person is not free to simply re-title their regulated conduct and thereby escape crimi-

nal punishment. It is the *conduct* that the statute proscribes and makes unlawful. We conclude that the legislature intended that the term "debt counselor" refer to a person working on behalf of a debtor in performing the activity described in I.C. § 26–2223(6). When viewed in that light, the term "creditor" in I.C. § 26–2223(6) refers to any person who, for the purpose of collecting accounts due and owing, deals with other persons who are working on behalf of debtors. Therefore, I.C. § 26–2223(6) criminalizes the unlicensed activity of a person working on behalf of a debtor who receives money from the debtor for payment to any creditor.[4]

■■■ Next, we will consider whether there was sufficient evidence to support the jury's verdict that Beard committed four counts of illegal collection activity. Chet Robertson testified at trial that he gave a number of separate checks to Beard for the payment of debts owed to his creditors and that Beard made payments on debts owed to Robertson's creditors, including John Parker and USA Fertilizer. Jeanne Isom testified that she gave Beard approximately $121,000 for the payment of debts owed to creditors and that Beard made payment on debts owed to Isom's creditors, including John Smith and Farmer's Home Administration. A consumer credit investigator/examiner from the Idaho Department of Finance testified that Beard was never licensed in Idaho to engage in collection activities described in I.C. § 26–2223. The evidence is sufficient to support the jury's verdict that Beard committed four counts of illegal collection activity in violation of I.C. § 26–2223(6).

### III.

### CONCLUSION

Beard's judgment of conviction for four counts of illegal collection activity are af-

---

4. It appears that Beard was aware that she was required to have a permit to engage in collection activities on behalf of debtors pursuant to I.C. § 26–2223. The record reveals that she applied for a permit in January 1993 from the Idaho Department of Finance. The Department denied her application because the application was incomplete and the Department discovered that Beard had fifteen outstanding liens totaling $300,000 and five outstanding judgments totaling $156,000.

firmed. Beard's judgment of conviction for racketeering is vacated. As a result, the district court's orders granting the state's motion for costs of prosecution and the state's request for the forfeiture of Beard's property are reversed. The case is remanded to the district court for further proceedings consistent with this opinion.

Chief Judge SCHWARTZMAN and Judge Pro Tem. McDERMOTT, concur.