52 P.3d 335

**STATE of Idaho,**

v.

**John DOE,**

**No. 26978.**

Court of Appeals of Idaho.

July 31, 2002.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Thomas B. Dominick, Boise, for respondent.

LANSING, Judge.

This is an appeal from an intermediate appellate decision of the district court, which reversed a magistrate court's order waiving juvenile jurisdiction and directing that the juvenile be held for adult criminal proceedings in a rape case. We affirm the decision of the district court.

## I.

## BACKGROUND

A juvenile petition charging thirteen-year-old John Doe with the rape of a four-year-old girl was filed in the magistrate division of the district court pursuant to the Juvenile Corrections Act, Idaho Code § 20–501, *et seq.* The petition alleged that the rape was accomplished through an act of sexual intercourse with a victim who "was incapable of giving legal consent," but the petition did not refer to the victim's age nor cite any subsection of the rape statute, I.C. § 18–6101.[1] The State thereafter filed a motion asking the magistrate court to waive jurisdiction under the Juvenile Corrections Act and order that Doe be held for adult criminal proceedings in the district court pursuant to I.C. §§ 20–508 and 20–509. Before the magistrate court acted on that motion, Doe, who was represented by counsel, entered into a stipulation with the State under which Doe agreed to waive juvenile jurisdiction and plead guilty in adult criminal proceedings. The stipulation also specified a sentence of commitment to the Department of Juvenile Corrections for a term not to extend beyond Doe's twenty-first birthday, to be followed by felony probation on a suspended twenty-year prison sentence. On the basis of this stipulation, the magistrate court entered an order waiving juvenile jurisdiction. The State then filed a criminal complaint against Doe in the district court, charging him with statutory rape, i.e., having sexual intercourse with a female under the age of eighteen, in violation of I.C. § 18–6101(1).

After obtaining a new attorney, Doe filed an appeal from the magistrate's order waiving juvenile jurisdiction. Doe asserted that he did not knowingly and voluntarily enter into the stipulation and that the magistrate court lacked authority to waive jurisdiction because the State had charged Doe with statutory rape, an offense for which juvenile jurisdiction is not waivable under I.C. § 20–509.[2] At about the same time, the State moved to amend its criminal complaint to charge Doe under I.C. § 18–6101(2) with the rape of a female who was incapable of giving legal consent due to unsoundness of mind. The latter offense is one for which juvenile jurisdiction may be waived pursuant to I.C. § 20–509(1)(c).

On Doe's intermediate appeal to the district court, the State acknowledged that the only basis for the allegation in the juvenile petition that the victim was "incapable of giving legal consent" was the victim's young age and associated lack of mental development, and the State also conceded that this victim did not have a less sound mind than any normal four-year-old child. The State argued, however, that because a four-year-old is mentally incapable of consenting to an act of sexual intercourse, Doe could properly be charged with rape under I.C. § 18–6101(2) prohibiting sexual intercourse with a female who "through any unsoundness of mind," is

1. The portion of Idaho Code § 18–6101 that is relevant to this appeal states:

Rape is defined as the penetration, however slight, of the oral, anal or vaginal opening with the perpetrator's penis accomplished with a female under either of the following circumstances:

(1) Where the female is under the age of eighteen (18) years.

(2) Where she is incapable, through any unsoundness of mind, whether temporary or permanent, of giving legal consent.

2. Idaho Code § 20–509 provides in pertinent part:

(1) Any juvenile, age fourteen (14) years to age eighteen (18) years, who is alleged to have committed any of the following crimes or any person under age fourteen (14) who is alleged to have committed any of the following crimes and, pursuant to section 20–508, Idaho Code, has been ordered by the court to be held for adult criminal proceedings:

. . . .

(c) Rape, but excluding statutory rape;

. . . .

(i) . . . shall be charged, arrested and proceeded against by complaint, indictment or information as an adult.

incapable of giving legal consent. The district court rejected the State's argument. The court reasoned that a non-emancipated rape victim under the age of eighteen may not give legal consent to sexual intercourse under any circumstances and, therefore, her incapability is not through or because of any unsoundness of mind but simply because of her minority. The district court thus concluded that the juvenile jurisdiction waiver statute, I.C. § 20–509, prohibited waiver on the facts of this case, where the victim's incapacity to consent was based upon her age and where the perpetrator's act was therefore criminalized under I.C. § 18–6101(1), not § 18–6101(2). The district court consequently reversed the magistrate's order waiving juvenile jurisdiction and remanded the case to the magistrate division for further proceedings under the Juvenile Corrections Act. From that appellate decision of the district court, the State takes this appeal. The State maintains that the district court committed error in holding that sexual intercourse with a child lacking mental capacity due to age could not be charged as rape under § 18–6101(2), which protects females who are unable to give consent due to unsoundness of mind.

## II.

### ANALYSIS

■ The question presented is one of interpretation of I.C. § 18–6101, an issue of law over which we exercise free review. *Lopez v. State,* 136 Idaho 174, 178, 30 P.3d 952, 956 (2001); *Corder v. Idaho Farmway, Inc.,* 133 Idaho 353, 358, 986 P.2d 1019, 1024 (Ct. App.1999). We recently expressed the standards for interpretation of a criminal statute as follows:

> Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. The language of the statute is to be given its plain, obvious, and rational meaning. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. When the Court must engage in statutory construction, it has the

> duty to ascertain the legislative intent and give effect to that intent. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history.... Where ambiguity exists as to the elements of a crime, this Court will strictly construe the criminal statute in favor of the defendant.

*State v. Beard,* 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App.2001) (citations omitted).

■ Application of these rules of statutory construction leads us to conclude, as did the district court, that the term "unsoundness of mind" as used in I.C. § 18–6101(2) refers to mental disability caused by mental illness, retardation or other abnormality, not mental limitations attendant normal childhood development. Our conclusion is based principally upon the usual, everyday meaning of the term. "Unsound" is defined by WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 2511 (1993), to mean "not physically healthy or whole ... having a disease, abnormality, or defect of such a nature or to such a degree as to impair usefulness," and "not mentally sound or normal: not wholly or consistently sane." As these definitions demonstrate, unsoundness of mind in ordinary usage refers to a condition brought about by a mental disease or defect, not the mental immaturity of a normal child. This interpretation of "unsoundness" as used in § 18–6101(2) is consistent with the Idaho Supreme Court's comment in *State v. Soura,* 118 Idaho 232, 237, 796 P.2d 109, 114 (1990), that the purpose of subsection (2) is "to protect women with mental disabilities."

Our conclusion is bolstered by the legislative history of the statute. Prior to 1994, subsection (2) prohibited sexual intercourse with a female who was incapable of giving consent "through *lunacy or* any *other* unsoundness of mind...." In 1994, the italicized words were deleted from the statute. 1994 Idaho Sess. Laws, ch. 135, § 1, p. 307. This amendment was apparently enacted to remove archaic language that had become offensive in contemporary usage, and it evi-

dences no legislative intent to change the meaning of the statute. It is of interest, however, that in its original form the subsection equated unsoundness of mind with "lunacy," which confirms that "unsoundness of mind" was legislatively intended to refer to mental illness or mental abnormality. In addition, we note that in crafting I.C. § 18–6101, the legislature had no cause to cover childhood mental immaturity in subsection (2) because intercourse with any female under the age of eighteen years, regardless of her level of maturity, is covered by subsection (1).

For all of these reasons, we conclude that § 18–6101(2) prohibits sexual intercourse only with a female who can be deemed of unsound mind due to mental illness, organic injury, mental retardation or other mental abnormality.

With this understanding of the statute, "unsoundness of mind" does not include the normal mental capacity of a four-year-old child. It follows that the State may not properly charge Doe with violation of § 18–6101(2) where the victim was a four-year-old with normal mental development. The State concedes that on the facts of this case, the only other subsection of § 18–6101 under which Doe might be charged is subsection (1). For a charge under that subsection, juvenile jurisdiction may not be waived. I.C. § 20–509(1)(c). Therefore, the district court was correct in its holding that the magistrate court erred in waiving juvenile jurisdiction in this case.[3]

The district court's order on appeal, reversing the magistrate's waiver order and remanding this case to the magistrate division for further proceedings, is affirmed.

Judge GUTIERREZ and Judge Pro Tem JUDD concur.

---

3. This conclusion renders moot a second issue raised in this appeal challenging the magistrate's failure to make findings of fact in compliance with I.C. § 20–508(6).