**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38620**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 332 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 24, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TWO JINN, INC., dba ALADDIN BAIL | ) | THIS IS AN UNPUBLISHED |
| BONDS/ANYTIME BAIL BONDS, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Real Party in Interest-Appellant, | ) | |
| | ) | |
| NESTOR RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Renae J. Hoff, District Judge.

Judgment forfeiting bond, <u>affirmed</u>.

Nevin, Benjamin, McKay, & Bartlett, LLP; Robyn A. Fyffe, Boise, for appellant. Robyn A. Fyffe argued.

Hon. Lawrence G. Wasden, Attorney General; Andrew J. Snook, Deputy Attorney General, Boise, for respondent. Andrew J. Snook agrued.

_____

WALTERS, Judge Pro Tem

Two Jinn, Inc. dba Aladdin Bail Bonds/Anytime Bail Bonds (Two Jinn) appeals from the judgment forfeiting bond. Specifically Two Jinn appeals the district court's denial of its second motion to set aside forfeiture and exonerate bond. We affirm.

**I.**

**FACTS AND PROCEDURE**

On September 20, 2009, Two Jinn posted a $50,000 bond to secure Nestor Rivera's release on pending a charge of trafficking in cocaine. Six days later, Rivera was arrested for misdemeanor domestic battery. Bail was set at $5,000 and was not posted. On September 28, Immigration and Customs Enforcement (ICE) placed a hold on Rivera. While in the custody of

1

the Canyon County jail, Rivera subsequently appeared in court on October 9, 2009, and January 19, 2010, in regard to the trafficking charge. On January 20, his pending misdemeanor domestic battery charge was resolved and he was released to ICE, which transported him to a detention facility in Utah. Rivera did not appear on March 4 for a pre-trial conference for his trafficking charge, as he was still being held by ICE in Utah. The district court forfeited the bond and issued a warrant for Rivera's arrest.

Rivera was returned to Idaho, and he appeared in court on March 26 and April 9. The prosecutor informed the district court that bond had been posted in Rivera's immigration case and the prosecutor would be contacting the bail agent regarding reinstatement of the previously posted $50,000 bond. On April 15, Two Jinn filed a motion to set aside forfeiture and exonerate bond pursuant to Idaho Code § 19-2922(5), which provides for exoneration when the defendant appears before the court within 180 days of the forfeiture. Before the district court ruled on the motion, the prosecutor and Rivera filed a stipulation to quash the warrant and reinstate the previously posted bond on the basis that Rivera had missed his last court date due to no fault of his own after ICE transported him to Utah. The court granted the stipulation on April 21 and noted on the order that "general counsel for bail has been notified and agrees to order." Contrary to the prosecutor's representations, Rivera had not actually posted bond in the immigration case; instead, there was an immigration hold in place, which resulted in Rivera immediately being transferred to the custody of immigration officials once the district court reinstated the Two Jinn bond.

Rivera did not appear for a pre-trial conference on May 25, and as a result, the district court again ordered the bond forfeited. On June 7, Two Jinn filed a "Notice of Location of Defendant," indicating Rivera was in federal custody in Utah and facing possible deportation on June 10. The State of Idaho did not seek to have Rivera returned to Idaho and he was deported on July 1.

On November 18, Two Jinn filed a second motion to set aside forfeiture and exonerate bond, arguing in part that the reinstatement of Rivera's bond was ineffectual because when the bond was reinstated, Rivera's custody transferred to immigration officials rather than Two Jinn. Therefore, Two Jinn argues he was not released from the sheriff's actual custody as contemplated by Idaho Code § 19-2911, which states:

**Release of defendant on posting bail.** Upon the posting of bail in the amount set by the court, the defendant shall be released from the actual custody of the sheriff.

At a hearing on the motion, the prosecutor argued relief should be denied because Two Jinn agreed to post the bond for a "second time" when it should have known that Rivera was "simply going to be detained on an immigration hold for a second time and shipped out." Two Jinn contended that no second bond had been purchased, but that it had informed the prosecutor it did not object to reinstatement after the prosecutor represented that Rivera's immigration issue was resolved and Rivera would be cooperating with the State. The district court denied the motion to exonerate and entered a judgment forfeiting bond, which is augmented into the record on appeal. Two Jinn appeals.

## II.

## ANALYSIS

Two Jinn contends the district court erred as a matter of law in denying its second motion to exonerate because Rivera was not released from the sheriff's custody to Two Jinn's custody and, therefore, the reinstatement of the bond was ineffectual. The State argues the district court did not abuse its discretion in denying the motion to exonerate and requests an award of attorney fees on appeal pursuant to Idaho Code § 12-121 and Idaho Rule of Civil Procedure 54(e).

In general, a trial court has discretion over bond forfeiture matters, and we review such decisions for abuse of discretion. *State v. Two Jinn, Inc.*, 148 Idaho 752, 754-55, 228 P.3d 1019, 1021-22 (Ct. App. 2010). The language of a statute is to be given its plain, obvious, and rational meaning. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001).

In denying Two Jinn's request for relief from forfeiture, the district court analyzed the issue as one of discretion under Idaho Code § 19-2915 and Idaho Criminal Rule 46(h)(1), the latter of which provides that a bond may be exonerated "if it appears that justice does not require the enforcement of the forfeiture" and lists various factors to be considered by a court exercising this discretion. The district court noted Two Jinn's arguments: that the bond should be

3

exonerated because Rivera was never released from custody as required by Idaho Code § 19-2911; that he did not actually flee the jurisdiction, but was removed from the Canyon County jail by ICE, which prevented him from appearing on May 25, 2010; and that Two Jinn notified the State that Rivera was being held in Utah, but the State did not promptly seek Rivera's return and he was eventually deported. However, after applying the relevant factors, the district court concluded justice did not require the bond be exonerated, noting, among other things, that prior to acquiescing in reinstatement of the bond Two Jinn was aware that Rivera was illegally in the country.

On appeal, Two Jinn does not challenge the district court's denial of its motion to exonerate on the basis of the court's discretionary finding that justice did not require such an exoneration, but argues the court erred *as a matter of law* in denying the motion because there was no effective reinstatement of the bond where Two Jinn never regained custody of Rivera. Specifically, Two Jinn relies on section 19-2911, which indicates that once bail is posted, the defendant "shall be released from the actual custody of the sheriff," and a statement quoted by our Supreme Court in *State v. Sheahan*, 139 Idaho 267, 77 P.3d 956 (2003), "When bail is given, the [defendant] is regarded as delivered to the custody of his sureties." *Sheahan*, 139 Idaho at 283, 77 P.3d at 972 (2003) (quoting *Taylor v. Taintor*, 83 U.S. 366, 371-72 (1872)). In light of *Sheahan*, Two Jinn contends section 19-2911 contemplates that upon posting of bail, the defendant must be released from the sheriff's custody and *transferred to the constructive custody of the surety*. Two Jinn argues that in this case, because the prosecutor was "incorrect" and Rivera had not posted bond in the immigration case, Rivera's custody was not transferred to Two Jinn upon reinstatement of bail, but rather to ICE--thus, precluding Two Jinn from ever regaining custody. As a result, Two Jinn asserts there was no "release" as contemplated by section 19-2911 and, therefore, the reinstatement of the bond was ineffective. Two Jinn further asserts that because there was no effective reinstatement of the bond, there could be no forfeiture of the bond, and Two Jinn was entitled to exoneration of the forfeiture since Rivera had appeared in court within 180 days of the initial forfeiture.

Two Jinn, however, cites no authority for the proposition that the effectiveness of reinstatement pursuant to Idaho Code § 19-2916 is dependent on the release procedure contained in section 19-2911. Section 19-2916 provides:

4

**Setting aside order of forfeiture and reinstating bail.** If the defendant appears in court after the entry of the defendant's failure to appear and satisfactorily explains his failure to appear, the court may set aside the order of forfeiture and reinstate bail. Before reinstatement of bail, the court shall quash any bench warrant and set aside any order of forfeiture of the bail. The court shall provide written notice of reinstatement of bail to the person posting bail or to that person's designated agent within five (5) business days of the order reinstating bail.

Pursuant to the plain language of the statute, reinstatement of bail requires that the defendant appear in court and satisfactorily explain his earlier failure to appear. The court must quash any bench warrant and set aside any order of forfeiture, and provide notice to the surety. Further, section 19-2922, upon which Two Jinn relies for its assertion that the bond should have been exonerated, provides only that the court shall order a bond exonerated where "the defendant has appeared before the court within one hundred eighty (180) days of the court's order of forfeiture, unless the court has set aside the order of forfeiture and has reinstated bail *pursuant to section 19-2916 . . . .*" I.C. § 19-2922(5) (emphasis added). Here, there is no dispute that the court complied with the plain language of section 19-2916 in setting aside the forfeiture and reinstating bail. Even assuming Two Jinn is correct in its interpretation of section 19-2911, in that custody must be transferred to the surety upon the *posting* of bail, we are not persuaded that compliance with section 19-2911 is a requirement for *reinstatement* pursuant to section 19-2916. Such an interpretation would require a deviation from the plain language of section 19-2916.

### III.

### CONCLUSION

The plain language of section 19-2916 does not require a defendant to be released to the custody of the surety in order for a reinstatement of the bond to be effectual. Accordingly, the district court did not err in denying Two Jinn's motion to set aside forfeiture and exonerate bond. The judgment forfeiting bond is affirmed.

With respect to the State's request for attorney fees on appeal pursuant to Idaho Code § 12-121 and Idaho Rule of Civil Procedure 54(e), we are not persuaded the appeal was brought or defended frivolously, unreasonably, or without foundation and, therefore, we deny the request. *Foster v. Kootenai Med. Ctr.*, 143 Idaho 425, 430, 146 P.3d 691, 696 (Ct. App. 2006).

Chief Judge GRATTON and Judge LANSING **CONCUR.**

5