**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38710**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 504** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 1, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TERRILL JAMES SMITH,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Judgment of conviction for felony driving under the influence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Terrill James Smith appeals from the judgment entered upon his conditional guilty plea to felony driving under the influence. Smith argues that this felony, charged for his third DUI offense, had been previously dismissed as a misdemeanor and therefore cannot be refiled pursuant to Idaho Code § 19-3506. The district court denied Smith's motion to dismiss, and Smith asserts that this denial was erroneous.

**I.**

**BACKGROUND**

In 2003, Smith was convicted of his first DUI as a misdemeanor. The State charged Smith with a second DUI misdemeanor in 2006. On January 24, 2008, Smith filed a written guilty plea to the second charged DUI offense. Before he was sentenced for the second DUI, Smith was charged for a third DUI offense as a felony, based on the DUI enhancement provisions of Idaho Code § 18-8005(6). Smith then withdrew his written guilty plea on his

1

second DUI. The State responded by dismissing the felony charge for the third DUI, apparently to await resolution of the second charge. A judgment of conviction was ultimately entered in the second case, and the State thereafter refiled the felony charge for the third DUI.

Smith filed a motion to dismiss the third DUI charge. He argued that the same offense had qualified only as a misdemeanor when it was dismissed by the prosecutor because at that time he had not been adjudicated guilty of the second DUI. The district court denied Smith's motion to dismiss, and Smith appeals.

## II.

## ANALYSIS

Smith contends that the State is barred from prosecuting his third DUI offense. He argues that at the time of the first charge for this offense was dismissed by the prosecutor, he had not yet been convicted of his second DUI. When his guilty plea to the second offense was withdrawn, he posits, the factual predicate for the felony was removed and, therefore, the felony charge was automatically reduced to a misdemeanor before it was dismissed by the prosecutor. It could not be refiled thereafter, he contends, because Idaho Code § 19-3506 bars the refiling of a previously dismissed misdemeanor. The State argues that although Idaho Code § 19-3506 prohibits the refiling of a dismissed misdemeanor, the charge against Smith was as a felony, falling outside of the statute's bar.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history, or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an

ambiguous statute an interpretation which will not render it a nullity. *Id*. Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

The State is barred from refiling a dismissed misdemeanor but not a felony. I.C. § 19-3506. A felony complaint generally may be refiled unless the refiling is without good cause or done in bad faith. *State v. Ruiz*, 106 Idaho 336, 338-39, 678 P.2d 1109, 1111-12 (1984).

Idaho Code § 18-8005(6) defines when a DUI is punishable as a felony:

> Except as provided in section 18-8004C, Idaho Code, any person who pleads guilty to or is found guilty of a violation of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, who has previously been found guilty of or has pled guilty to two (2) or more violations of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code . . . within ten (10) years, notwithstanding the form of the judgments(s) or withheld judgments(s), shall be guilty of a felony . . . .

When Smith's third DUI was initially charged, it was properly filed as a felony because he had pleaded guilty to his second DUI in the preceding ten years. The question brought by Smith is whether the withdrawal of his guilty plea to the second DUI automatically reduced the third DUI charge to a misdemeanor before it was voluntarily dismissed. We hold that it does not. The refiling of the felony was done in accordance with the statutory requirements and was made in good faith. Smith cites no precedent or authority to support his claim that the felony charge was reduced to a misdemeanor by the withdrawal of his guilty plea in the prior case. The nature of the charge was determined by the prosecutor when the charging document was filed. At the time it was dismissed, the felony charge could not have been *proved* because Smith had not then been determined guilty of the second DUI. However, an inability to prove a charge does not equate to a reduction of the charge. A felony charge is still a felony charge whether or not the State is able to prove each element of the crime. When the State dismissed the initial charge for the third DUI, it had not been reduced to a misdemeanor. Therefore, its refiling was not barred by Idaho Code § 19-3506.

### III.

### CONCLUSION

Smith's withdrawal of his guilty plea to the second DUI did not ipso facto reduce the third charge to a misdemeanor. Therefore, the State was not barred from refiling the felony

charge against Smith after his adjudication of guilt in the second DUI case.  The district court's order denying Smith's motion to dismiss is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**