## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41710

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 863** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: December 15, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **GROVER EDWARD RYE, JR.,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment of conviction for failure to register as a sex offender, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

LANSING, Judge

Grover Edward Rye, Jr. was required to register as a sex offender and to update his registration information. When he left a homeless shelter, Rye failed to notify the sheriff that he had moved. On appeal, Rye argues that because he became homeless, a specific statute pertaining to homeless sex offenders governs this case, in lieu of the generally applicable registration statute.

## I.

## BACKGROUND

Rye was previously convicted of sexual battery of a sixteen or seventeen-year-old. As a result, he was required to register as a sex offender. At the time he was placed on the sex offender registry, Rye was residing at a homeless shelter. Thereafter, he ceased living at the

1

shelter,[1] but failed to notify the sheriff of this change. As a result, he was charged with failure to update his registration information; i.e., his address, within two days of moving as required by Idaho Code § 18-8309.[2]

In an oral motion, Rye argued that he was not subject to criminal liability under Idaho Code § 18-8309 because he was homeless. He argued that homeless sex offenders were subject to alternative registration requirements set forth in I.C. § 18-8308. The district court rejected this argument because I.C. § 18-8308, by its express terms, applies only to a "sexual offender who does not provide a physical residence address at the time of registration" and Rye had provided a physical address at the time of registration. Thereafter, Rye entered into a conditional plea agreement under which the State agreed to dismiss other charges and Rye preserved the right to appeal the district court's interpretation of the statutes. The court accepted the plea and Rye was convicted. The district court imposed a unified sentence of three years with one and one-half years fixed, but suspended the sentence, placing Rye on probation.

## II.

## ANALYSIS

On appeal, Rye argues that the district court erred in its analysis of the I.C. §§ 18-8308 and 18-8309. Although mindful of the plain language of I.C. § 18-8308, Rye argues that requiring compliance with only I.C. § 18-8308 would be better public policy and better interpretation of the statutes.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history, or rules of statutory interpretation. *Escobar*, 134 Idaho at 389,

---

[1]     Like the district court, we conclude that the reason Rye ceased living at the shelter is disputed, but immaterial.

[2]     The State also filed other charges that are not at issue in this appeal.

3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain the intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation that will not render it a nullity. *Id.*

In this case, we are bound by the plain language of the statutes and have no occasion to apply the other tools of statutory construction. The statute under which Rye was convicted, I.C. § 18-8309, states:

> If an offender subject to registration changes his or her name, street address or actual address, employment or student status, the offender shall appear in person within two (2) working days after the change at the office of the sheriff of the county where the offender is required to register and notify the sheriff of all changes in the information required for that offender in the sex offender registry.

Under the plain meaning of the statute, a move out of a homeless shelter is a change in residence that requires notification of the sheriff.[3] Therefore, Rye violated the statute when he failed to notify the sheriff of this change of residence within two days.

Idaho Code § 18-8308(4) states:

> *A sexual offender who does not provide a physical residence address at the time of registration* shall report, in person, once every seven (7) days to the sheriff of the county in which he resides. Each time the offender reports to the sheriff, he shall complete a form provided by the department that includes the offender's name, date of birth, social security number and a detailed description of the location where he is residing. The sheriff shall visit the described location at least once each month to verify the location of the offender.

(emphasis added). We find no error in the district court's determination that this provision does not apply because Rye provided the address of his physical residence at the time of registration and subsequently moved out of that residence. Although the reporting requirements of Section 18-8308(4) may have applied to Rye after he became homeless, that statute did not relieve him of the obligation to also comply with I.C. § 18-8309 upon leaving his former residence.

---

[3]     Rye does not argue that a homeless shelter is not a residence within the meaning of the statute.

As stated above, when statutes are unambiguous we are not authorized to resort to other tools of statutory interpretation. Accordingly, we are precluded from considering Rye's arguments relating to public policy. Therefore, finding no error, we affirm the judgment of conviction.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**