**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43963**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 777** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 14, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT ELLIS MORTON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment of conviction for two felony counts of sexual abuse of a child under the age of sixteen years, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Robert Ellis Morton appeals from the district court's judgment of conviction for two felony counts of sexual abuse of a child under the age of sixteen years. Morton specifically argues the district court erred in concluding it lacked discretion to impose concurrent sentences on Morton's two convictions. Additionally, Morton maintains the district court erred in imposing fines of $5,000 on each conviction. For the reasons explained below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Morton guilty of two felony counts of sexual abuse of a child under the age of sixteen years, Idaho Code § 18-1506(1)(a), (1)(d). The jury additionally found that Morton had a prior conviction for an offense requiring registration as a sex offender. During the

1

sentencing hearing, the district court noted that it felt compelled by I.C. § 19-2520G to apply the sentencing enhancement from the prior conviction to both counts and therefore imposed consecutive sentences of twenty-five years with fifteen years determinate on count one and fifteen years determinate on count two. The district court also imposed fines of $5,000 on each conviction pursuant to I.C. § 19-5307. Morton timely appeals, arguing the district court erred in interpreting I.C. § 19-2520G because the statute does not preclude the district court from using its discretion to impose concurrent sentences. Moreover, Morton argues the district court erred in imposing two $5,000 fines because I.C. § 19-5307 does not permit a defendant to be fined greater than $5,000 in one case involving a single victim and multiple crimes.

## II.

## ANALYSIS

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

## A. Idaho Code § 19-2520G

In imposing consecutive sentences, the district court noted, "I feel that I am compelled to, in each count, order that you serve 15 years as a minimum sentence because that's what the statute provides." Idaho Code § 19-2520G requires a mandatory minimum sentence for certain

sex crimes committed by repeat offenders. The statute further provides, in relevant part, that "any sentence imposed under the provisions of this section shall run consecutive to any other sentence imposed by the court." I.C. § 19-2520G(3). Morton contends that the language "any other sentence" refers to "any sentence not imposed under the provisions of this statute." Therefore, according to Morton, because he was convicted of two counts that fall within the purview of I.C. § 19-2520G, there was no "other sentence" outside the scope of I.C. § 19-2520G that required his sentences to run consecutively.

The language of I.C. § 19-2520G(3) is plain and unambiguous. The provision is broad and general--"any other sentence" refers to any sentence, regardless of whether that sentence was imposed pursuant to I.C. § 19-2520G *or* pursuant to any other statute. If "any other sentence" was intended to exclude sentences imposed pursuant to I.C. § 19-2520G, the legislature would have used different and more specific language. Accordingly, the district court did not err in interpreting I.C. § 19-2520G to require Morton's sentences to run consecutively.

**B.      Civil Fines**

Morton also argues the district court erred in imposing $5,000 fines on each conviction because the maximum fine that can be imposed under I.C. § 19-5307 is $5,000 per victim, and there was only one victim named in the indictment. Idaho Code § 19-5307 provides that a court "may impose a fine not to exceed five thousand dollars ($5,000) against any defendant found guilty of any felony listed in subsection (2) of this section." Idaho Code § 19-5307(2) sets forth a list of the felonies, which includes I.C. § 18-1506. The plain language of I.C. § 19-5307 allows the fine to attach to the finding of guilt of "any" qualifying felony. If the legislature intended the $5,000 fine to attach to the finding of guilt for any qualifying felony per victim, then it would have included such language. Because the jury found Morton guilty of two felonies pursuant to I.C. § 18-1506(1)(a) and (1)(d), the district court did not err in imposing two $5,000 fines under I.C. § 19-5307.

### III.

### CONCLUSION

The district court did not err in imposing consecutive sentences because the plain language of I.C. § 19-2520G requires consecutive sentences for Morton's convictions. Additionally, the district court did not err in imposing two civil fines because the plain language of I.C. § 19-5307 allows a court to impose a fine for each qualifying felony, regardless of how

many victims are named in the indictment.  We therefore affirm the district court's judgment of conviction for two felony counts of sexual abuse of a child under the age of sixteen years.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.