**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46943**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | )   **Filed: June 10, 2020** |
|     Plaintiff-Respondent, | ) |
| | )   **Melanie Gagnepain, Clerk** |
| v. | ) |
| | )   **THIS IS AN UNPUBLISHED** |
| DOROTHY ELLEN MARX, | )   **OPINION AND SHALL NOT** |
| | )   **BE CITED AS AUTHORITY** |
|     Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Nancy Baskin, District Judge.

Order suspending sentence after retained jurisdiction and order of probation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Dorothy Ellen Marx appeals from the order suspending sentence after retained jurisdiction and order of probation. Marx argues the district court erred in absolutely suspending her driving privileges for a period of five years following her conviction for driving under the influence of alcohol. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Marx was convicted by a jury of felony driving under the influence of alcohol, Idaho Code §§ 18-8004(1)(a), 18-8005. The district court imposed a unified sentence of five years, with two years determinate, and retained jurisdiction. The district court also suspended Marx's driving privileges for a period of five years and indicated Marx could request a restricted license at some point. Marx subsequently appealed, but did not raise an issue related to the driver's

1

license suspension; her sentence was affirmed on appeal. *See State v. Marx*, Docket No. 46206 (Ct. App. May 16, 2019) (unpublished). After successfully completing the period of retained jurisdiction, Marx was placed on probation.

At the jurisdictional review hearing, the district court reminded Marx that her driving privileges were suspended for five years following her release from custody. The order placing Marx on probation stated that her driving privileges were absolutely suspended for a period of five years. Marx timely appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Marx argues the district court acted outside the bounds of its discretion when it ordered a five-year driver's license suspension, which she argues precluded her from requesting restricted driving privileges. Marx acknowledges the district court was required to order a mandatory one-year license suspension and could order an additional four-year suspension. Nonetheless, Marx argues that the additional, discretionary four-year period cannot be absolute because the court must provide the defendant the opportunity to request restricted driving privileges during that four-year term. The State argues the issue is not yet ripe for review because Marx has not requested, and been denied, restricted driving privileges, nor has she shown that restricted privileges are necessary. The State further argues that because the statute allows for driving privileges to be suspended for five years, the suspension remains in effect unless and until the defendant requests restricted privileges and meets the relevant statutory criteria.

Idaho Code § 18-8005(6)(d) provides, in relevant part, that any person convicted of felony driving under the influence:

2

Shall have his driving privileges suspended by the court for a mandatory minimum period of one (1) year after release from imprisonment, during which time he shall have absolutely no driving privileges of any kind, and may have his driving privileges suspended by the court for an additional period not to exceed four (4) years, during which the defendant may request restricted driving privileges that the court may allow if the defendant shows by a preponderance of the evidence that driving privileges are necessary for his employment or for family health needs.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

Marx argues that because I.C. § 18-8006(1)(d) provides for a mandatory, five-year suspension, I.C. § 18-8005(6)(d) cannot also impose a mandatory five-year suspension of a driver's license. We disagree with this interpretation. Under each statute, a court can suspend a defendant's driving privileges for five years. However, under I.C. 18-8005(6)(d), a defendant has an option to request restricted driving privileges that does not exist under 18-8006(1)(d). In other words, the statutes limit the ability of the defendant to request driving privileges, not the discretion of the district court to suspend the driving privileges. By the plain language of the statute, the court may suspend a defendant's driving privileges for five years.

Thus, the only question is whether Marx was precluded from requesting restricted driving privileges. First, Marx was told at the sentencing hearing that she could apply for restricted

3

driving privileges. Second, neither the district court's order nor the statute indicate that Marx cannot apply for restricted driving privileges, even though she received the maximum length of suspension under the statute. Finally, Marx cannot show any abuse of discretion because she has not requested, and been denied, any restricted privileges. Marx argues the language of the order placing her on probation precludes her ability to even ask for restricted driving privileges and, thus, this Court must address the issue so that Marx has the option to request privileges at some future time. As discussed above, Marx currently has the ability to request restricted privileges. Consequently, because Marx cannot show she requested, but was denied privileges, she cannot show any abuse of discretion. Additionally, because the statute permits a district court to suspend driving privileges for a period of five years, the district court did not abuse its discretion in doing so.

## IV.

## CONCLUSION

Marx has failed to establish the district court abused its discretion in imposing an absolute five-year suspension of Marx's driving privileges following her conviction for felony driving under the influence of alcohol. As such, the district court's order is affirmed.

Judge GRATTON and Judge LORELLO CONCUR.