**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45489**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | )   **Filed: March 14, 2019** |
|     **Plaintiff-Respondent,** | ) |
| | )   **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| RONNIE GENE KINCAID, JR., | ) |
| | ) |
|     **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. John K. Butler, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>; judgment of conviction, <u>affirmed in part</u>, <u>vacated in part</u>, and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Ronnie Gene Kincaid, Jr. appeals from the judgment of conviction entered upon his guilty plea to second degree murder. Kincaid argues the district court erred when it denied Kincaid's motion to withdraw his guilty plea and when it ordered Kincaid to pay two separate fines of $5,000. The district court did not err in denying Kincaid's motion to withdraw his guilty plea. However, because Kincaid was convicted of only one offense, the district court erred when it imposed two separate $5,000 fines. For the reasons set forth below, the judgment of conviction is affirmed in part, vacated in part, and the case is remanded to the district court for entry of an amended judgment of conviction consistent with this opinion.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Kincaid was charged by information with multiple felonies, which included Count I: murder in the first degree, Idaho Code §§ 18-4001, 18-4002, and 18-4003(a), (d); Count II: mayhem, I.C. § 18-5001; Counts III and IV: penetration by a foreign object, I.C. § 18-6608(1)(a); and Count V: concealment or destruction of evidence, I.C. § 18-2603. The State later amended the information to add a persistent violator sentencing enhancement, I.C. § 19-2514. Kincaid entered a not guilty plea, and the case was set for jury trial. Kincaid waived his right to a speedy trial, and the parties settled on a trial date.

At the first pretrial conference, the district court was informed of on-going settlement negotiations. At the second pretrial conference, the parties presented an Idaho Criminal Rule 11(f)(1)(A) and (C) plea agreement,[1] wherein the State agreed to amend the information to one count of murder in the second degree and dismiss the sentencing enhancement and the four remaining charges. The plea agreement explained: "The Defendant shall not file a motion to withdraw any guilty plea entered as part of this plea agreement." Additionally, the plea agreement stated:

> The Defendant waives his right to appeal for any issue or basis, including but not limited to, appealing the judgment of conviction and/or the sentence pronounced by the Court and/or the denial of any motion to suppress, motion to withdraw guilty plea, or Idaho Criminal Rule 35 motion.

In exchange for Kincaid's guilty plea, the State agreed to recommend a unified life sentence, with fifteen to twenty years determinate. Pursuant to the agreement, Kincaid entered an *Alford*[2] plea to one count of murder in the second degree, I.C. §§ 18-4001, 18-4002, and 18-4003(g).

Two days before the scheduled sentencing hearing, Kincaid's attorney filed a motion to withdraw as the attorney of record. At the time originally set for sentencing, the court addressed the attorney's motion to withdraw, noting that although the court was prepared to accept Kincaid's Rule 11 plea agreement, the court had recently been informed by counsel of Kincaid's

---

[1] We acknowledge the plea agreement in this case was entitled "Binding Plea Agreement." However, this is a bit of a misnomer as there is no scenario in which the parties can require a district court to follow the recommendations of the parties. Depending on which subsection of Idaho Criminal Rule 11 is invoked, the remedy is that a defendant may have an opportunity to withdraw his plea if the court declines to follow the recommendations. The agreement in this case was made pursuant to I.C.R. 11(f)(1)(A) and (C).

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

desire to withdraw his guilty plea. After hearing argument on the motion for appointed counsel to withdraw, the district court denied the motion and offered the following explanation:

> In view of Mr. Kincaid's desire that a motion be filed to withdraw his plea of guilty--and I will hear further argument, if counsel wish to do so, but my concerns are that if I grant, [defense counsel], your motion to withdraw at this time that whoever is ultimately retained or appointed would not have the familiarity with the case to necessarily effectively assist Mr. Kincaid in the filing of his motion to withdraw his plea, and certainly that does raise some concerns for me in terms of post-conviction relief.

Thereafter, Kincaid filed a motion to withdraw his guilty plea. At the hearing on Kincaid's motion, the following exchange occurred between Kincaid and defense counsel:

> Counsel: Were you concerned that I, as your counsel, would no longer represent you if you didn't follow through with the plea agreement that was reached?
> Kincaid: Yes.
> Counsel: And why was that?
> Kincaid: Because I didn't want to plead to anything I didn't do.
> Counsel: But why were you concerned that I would no longer represent you?
> Kincaid: Because you told me that if I took this to trial, you would quit.
> Counsel: And--well, not if you took it to trial, but if you didn't follow through with the plea agreement; right?
> Kincaid: Yes.
> Counsel: And, in fact, after you indicated to the Court that you didn't want to continue with your plea and withdraw your plea, I filed a motion to withdraw as your counsel; right?
> Kincaid: Yes.

The district court sought clarification on Kincaid's statements, and asked:

> Court: The inquiry that I have and I was confused by the questioning before we get to cross, Mr. Kincaid, did you testify that [defense counsel] told you that he would withdraw if you did not accept this plea before you entered the plea?
> Kincaid: Yes.
> Court: That's what he told you?
> Kincaid: He told me that if I didn't take this plea, he would quit.
> Court: Okay.
> Kincaid: I wanted a trial from the beginning.

The district court denied Kincaid's motion to withdraw his guilty plea. The district court found that Kincaid made a knowing, voluntary, and intelligent guilty plea to murder in the second degree and the matter was set for sentencing. The same day, defense counsel filed a

3

second motion to withdraw as the attorney of record, which the district court granted, and a new public defender was appointed to represent Kincaid.[3]

The State filed a sentencing memorandum in which the State argued that Kincaid breached the plea agreement when he moved to withdraw his guilty plea, and as a result, the State was no longer bound by its original sentencing recommendation.[4] The State explained it would amend its sentencing recommendation to a unified life sentence, with thirty-five years determinate, as compared to the original recommendation of a unified life sentence, with fifteen to twenty years determinate.

At the sentencing hearing, the State recommended a unified life sentence, with thirty-five years determinate, and Kincaid's counsel requested a unified life sentence, with fifteen years determinate. The district court imposed a unified life sentence, with twenty years determinate. The district court also entered two separate $5,000 civil judgments against Kincaid for a crime of violence, pursuant to I.C. § 19-5307. Kincaid timely appeals.

## II.

## ANALYSIS

### A. The District Court Did Not Err When It Denied Kincaid's Motion to Withdraw His Guilty Plea

Kincaid argues the district court erred when it denied his motion to withdraw his guilty plea. Specifically, Kincaid claims his guilty plea was not voluntary because defense counsel threatened to withdraw as the attorney of record if Kincaid did not plead guilty.

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.*

---

[3] With new counsel, Kincaid filed a renewed motion to withdraw his guilty plea. The district court ruled it would not consider the renewed motion.

[4] In the appellant's brief, Kincaid admits he agreed to waive his right to appeal any issues other than sentencing. The State, however, does not argue the terms of the plea agreement prohibit Kincaid's appeal, perhaps because the State believes the plea agreement was voided prior to sentencing when Kincaid filed his motion to withdraw his plea. We therefore address the merits of Kincaid's argument on appeal.

The narrow issue in our case is whether a guilty plea is involuntary if defense counsel advises the defendant to enter a guilty plea and threatens to withdraw as the attorney of record if the defendant declines to follow counsel's advice. Our case depends on the interpretation of two Idaho Supreme Court cases: *Hollon v. State*, 132 Idaho 573, 976 P.2d 927 (1999) and *State v. Grant*, 154 Idaho 281, 297 P.3d 244 (2013). The State argues *Hollon* is controlling precedent and claims Kincaid's case is indistinguishable in any meaningful way. Kincaid asserts that *Hollon* was implicitly overruled by *Grant*.

In *Hollon*, the Supreme Court analyzed whether defense counsel's threat to withdraw coerced a defendant into pleading guilty. After charges were filed, defense counsel presented Hollon with a plea agreement. *Hollon*, 132 Idaho at 575, 976 P.2d at 929. Hollon initially agreed to accept the plea agreement, but later changed his mind and wanted to go to trial. *Id.* After learning Hollon was not willing to accept the plea agreement, defense counsel explained he would not represent Hollon at trial. *Id.* Hollon changed his mind again and accepted the plea agreement. *Id.*

On a petition for post-conviction relief, Hollon argued his defense counsel provided ineffective assistance. *Id.* at 576, 976 P.2d at 930. Hollon alleged four grounds for ineffective assistance of counsel, one of which was that Hollon's guilty plea was coerced because defense counsel threatened to withdraw as his attorney when Hollon wanted to proceed to trial. *Id.* The record confirmed that Hollon's defense counsel threatened to withdraw if Hollon went to trial. *Id.* Even with the threat from defense counsel, the Court concluded:

> Someone in Hollon's position might feel that they were being abandoned by counsel upon whom they had come to trust and depend. However, in a situation such as this one, if counsel feels that they cannot support a client's choice, that counsel should be allowed to withdraw, without then rendering a client's subsequent decision to enter into a guilty plea, involuntary. Additionally, Hollon's inexperience with the criminal justice system should not excuse his unwillingness to state at his plea hearing that he felt coerced by [defense counsel]'s threats.

*Id.* at 577, 976 P.2d at 931. The Supreme Court commended defense counsel's warning to Hollon that counsel would not be able to represent Hollon at trial. *Id.* at 577-78, 976 P.2d at 931-32. This warning, according to the Court, was merely an explanation that counsel was not the right person for the job and another attorney would need to be appointed if Hollon wanted someone "more sympathetic to trial." *Id.* at 578, 976 P.2d at 932.

5

In *Grant*, appointed defense counsel filed a motion to withdraw as the attorney of record. *Grant*, 154 Idaho at 283, 297 P.3d at 246. According to defense counsel, Grant fundamentally disagreed with counsel on the issue of whether to accept the nonbinding plea agreement and, as a result, communications broke down. *Id.* The district court denied the motion to withdraw and explained that because the disagreement between Grant and his counsel centered on Grant's desire to take the case to trial, the key question was whether defense counsel could competently represent Grant at trial. *Id.* After questioning defense counsel, the district court determined the disagreement regarding the plea deal had not tainted the attorney-client relationship so as to prevent competent representation. *Id.* Grant subsequently pleaded guilty to possession of a controlled substance. *Id.*

Grant argued on appeal that his guilty plea should be vacated because the district court abused its discretion when it denied defense counsel's motion to withdraw. *Id.* at 284, 297 P.3d at 247. The Supreme Court analyzed defense counsel's motion to withdraw and counsel's two arguments in support of the motion: (1) Grant insisted on rejecting a plea deal; and (2) the relationship between Grant and defense counsel was strained. *Id.* at 285, 297 P.3d at 248. The Court held neither ground was sufficient to justify defense counsel's motion to withdraw. *Id.* First, the Court explained that, according to federal case law, counsel may not withdraw "merely because his client refuses to plead guilty," "another attorney might possibly be able to convince the client to plead guilty," or "his client refuses to communicate with him." *Id.* Second, the Court determined Grant was satisfied with defense counsel's communication and performance, and took no initiative to request substitute counsel. *Id.*

In its decision denying Kincaid's motion to withdraw his guilty plea, the district court cited to *Hollon* for the proposition: "Our courts have recognized that counsel's threat to withdraw is neither coercive, so as to make the defendant's plea of guilty involuntary, nor does it constitute ineffective assistance." Kincaid disagrees with the district court's interpretation of Idaho precedent regarding whether counsel's threat to withdraw is coercive. Kincaid argues *Grant* is controlling because it overruled *Hollon* and held that counsel may not withdraw merely because a client refuses to plead guilty.

The district court did not err because *Hollon* applies to this case and was not overruled by *Grant*. Like in *Hollon*, the issue here is whether defense counsel's threat to withdraw coerced a defendant into pleading guilty. Kincaid was not only presented with a plea agreement, but

6

accepted the agreement and was found by the district court to have made a knowing, voluntary, and intelligent guilty plea. However, Kincaid changed his mind and filed a motion to withdraw his guilty plea. Like the defendant in *Hollon*, Kincaid claimed he wanted to go to trial, but defense counsel threatened to withdraw if Kincaid did not accept the plea agreement. Thus, the issue here--just as in *Hollon*--is whether a guilty plea is coerced if counsel threatens to withdraw on account of the defendant not accepting a guilty plea. *Hollon* held that counsel is allowed to withdraw when counsel cannot support a client's choice, and that a withdrawal of this sort does not render a client's subsequent decision to enter into a guilty plea involuntary. *Hollon*, 132 Idaho at 577, 976 P.2d at 931. Here, the district court did not err when it cited to *Hollon* and held that counsel's threat to withdraw was not so coercive as to make Kincaid's plea of guilty involuntary.

Kincaid does not attempt to distinguish *Hollon*. Instead, Kincaid argues that the ruling in *Hollon* does not apply because *Grant* implicitly overruled *Hollon*. Kincaid focuses on a single sentence from *Grant*: "[C]ounsel may not withdraw merely because his client refuses to plead guilty, or because another attorney might possibly be able to convince the client to plead guilty." *Grant*, 154 Idaho at 285, 297 P.3d at 248.

*Grant* did not overrule *Hollon* since *Grant* considered a different issue than *Hollon*. In *Hollon*, the question was the same one presented in this case--whether defense counsel's threat to withdraw if a plea agreement was not accepted coerced a defendant into pleading guilty. *Hollon*, 132 Idaho at 576, 976 P.2d at 930. In contrast, *Grant* addressed only whether counsel could withdraw as the attorney of record. *Grant*, 154 Idaho at 285-86, 297 P.3d at 248-49. Unlike *Hollon*, the Court in *Grant* did not analyze whether the defense counsel's withdrawal influenced Grant's guilty plea. Because of the narrow issue presented in *Grant*, the Supreme Court limited its analysis to counsel's motion to withdraw and whether counsel's explanations were sufficient to justify the withdrawal. *Id.* The Court incorporated information about Grant's relationship with defense counsel, which included a disagreement between defense counsel and Grant as to whether to accept a plea agreement. *Id.* at 285, 297 P.3d at 248. However, the Court used the information regarding that disagreement only to evaluate the two bases for defense counsel's motion to withdraw: (1) Grant insisted on rejecting a plea deal; and (2) their relationship had become strained. *Id.* Although there was evidence Grant and his defense counsel disagreed about whether to accept a guilty plea, Grant never argued that his guilty plea was coerced or that

7

defense counsel threatened to withdraw if Grant refused to plead guilty. *Id.* Thus, the issue in *Grant* is distinguishable from the issue presented in *Hollon*.

Similarly, Kincaid relies on language from *Grant* which does not overrule *Hollon*. Kincaid directs this Court to the following sentence: "[C]ounsel may not withdraw merely because his client refuses to plead guilty, or because another attorney might possibly be able to convince the client to plead guilty." *Grant*, 154 Idaho at 285, 297 P.3d at 248. We interpret the quoted sentence as a short statement of law concerning the relationship between counsel and client. The statement is not the holding in *Grant*, and it is not a critical component in the Supreme Court's evaluation of defense counsel's motion to withdraw. It also does not determine the issue set forth in Kincaid's case or in *Hollon*: whether defense counsel can threaten to withdraw from a case and to what extent that threat coerces a defendant's guilty plea. Thus, insofar as Kincaid relies on the single sentence from *Grant* as evidence that *Hollon* has been overruled, we disagree with Kincaid.

Because *Hollon* applies to this case at bar and because *Grant* did not overrule the holding in *Hollon*, the district court did not err when it found Kincaid was not coerced by defense counsel such that Kincaid's guilty plea was involuntary. The district court was correct when it cited to *Hollon* and explained "counsel's threat to withdraw is neither coercive, so as to make the defendant's plea of guilty involuntary, nor does it constitute ineffective assistance." Kincaid fails to persuade this Court that the district court's decision on Kincaid's motion to withdraw his guilty plea was error. Thus, the district court did not err when it found that Kincaid entered a knowing, voluntary, and intelligent guilty plea and Kincaid failed to show any other just reason to withdraw his plea.

**B.    The District Court Abused Its Discretion When It Ordered Kincaid to Pay $5,000 to Each Victim**

Kincaid argues the district court abused its discretion when it ordered Kincaid to pay $5,000 to two separate victims under I.C. § 19-5307. The State agrees.

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

8

The interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011). Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). It is well established that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature. *Id.* Only where a statute is capable of more than one conflicting construction is it said to be ambiguous and invoke the rules of statutory construction. *L & W Supply Corp. v. Chartrand Family Trust*, 136 Idaho 738, 743, 40 P.3d 96, 101 (2002). If it is necessary for this Court to interpret a statute because an ambiguity exists, then this Court will attempt to ascertain legislative intent and, in construing the statute, may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *Kelso & Irwin, P.A. v. State Ins. Fund*, 134 Idaho 130, 134, 997 P.2d 591, 595 (2000). Where the language of a statute is ambiguous, constructions that lead to absurd or unreasonably harsh results are disfavored. *See Jasso v. Camas Cnty.*, 151 Idaho 790, 798, 264 P.3d 897, 905 (2011).

Idaho Code § 19-5307 provides the court "may impose a fine not to exceed five thousand dollars ($5,000) against any defendant found guilty of any felony listed in subsection (2) of this section." The statute also explains: "The fine shall operate as a civil judgment against the defendant, and shall be entered on behalf of the victim named in the indictment or information, or the family of the victim in cases of homicide or crimes against children." I.C. § 19-5307.

Here, Kincaid pleaded guilty to one count of murder in the second degree. The conviction on this single offense permitted the district court to impose one fine of $5,000 on behalf of the family of the victim. Thus, the district court abused its discretion when it imposed two separate $5,000 fines on Kincaid, which totaled $10,000. We therefore vacate the portion of the judgment of conviction and sentence imposing two separate fines and remand the case to the district court for proceedings consistent with this opinion.

## III.

## CONCLUSION

The district court did not err when it denied Kincaid's motion to withdraw his guilty plea. However, because I.C. § 19-5307 only permits one fine of $5,000 for each offense, and since

9

Kincaid was convicted of only one offense, the district court erred when it imposed two separate $5,000 fines. For the reasons set forth above, the judgment of conviction is affirmed in part, vacated in part, and the case is remanded to the district court for entry of an amended judgment of conviction consistent with this opinion.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.