**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48765**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: May 31, 2022** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| RAYMOND ANDREW FISHER, JR., | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Clearwater County. Hon. Gregory FitzMaurice, District Judge.

Order for civil penalty and civil judgment, <u>vacated in part</u>; judgment of conviction for sexual abuse of a minor, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Raymond Andrew Fisher, Jr. appeals from his judgment of conviction for sexual abuse of a minor. Fisher argues that the district court abused its discretion by imposing a civil penalty and excessive sentence. For the reasons set forth below, we affirm the judgment but vacate the civil penalty naming an individual not named in the information.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Fisher was charged with two counts of sexual abuse of a child under sixteen years, Idaho Code § 18-1506, after his two adult granddaughters, K.M. and H.M., reported that he had sexually assaulted them when they were minors. K.M. was the only victim named in the information for both charges.

Pursuant to a plea agreement, Fisher pled guilty to one count of sexual abuse of a minor. The State agreed to limit its sentencing recommendation to twelve years with six years determinate and the other charge was dismissed. Both K.M. and H.M., pursuant to the plea agreement, made victim impact statements at the sentencing hearing.

The district court exceeded the State's sentencing recommendation, sentencing Fisher to a unified term of fifteen years with six years determinate. The district court further imposed a civil penalty[1] under I.C. § 19-5307, of $2,500 to K.M. and $2,500 to H.M. Fisher timely appeals.

## II.

## STANDARD OF REVIEW

The district court's decision to order a civil penalty under I.C. § 19-5307 is reviewed for an abuse of discretion. *State v. Kincaid*, 165 Idaho 273, 278, 443 P.3d 287, 292 (Ct. App. 2019). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Fisher argues that the district court abused its discretion when it awarded a civil penalty in favor of H.M. and imposed an excessive sentence. The State argues that I.C. § 19-5307 permits a civil penalty to be awarded to a family member of the victim in cases involving crimes against children and argues that the sentence was reasonable under the circumstances. We address each of these contentions below.

### A. Civil Penalty

Fisher argues that the district court abused its discretion when it awarded a $2,500 civil penalty in favor of H.M., who was not named in the information as required under I.C. § 19-5307. Idaho Code § 19-5307 allows a court to impose a civil penalty for certain violent crimes "on behalf of the victim named in the indictment or information." The State argues that while H.M. is not

---

[1] The district court erroneously used language relating to both restitution and civil penalty in its oral pronouncement, judgment, and written order. However, the parties agree that the district court intended to and did order a civil penalty rather than restitution.

named in the information, I.C. § 19-5307 contains an exception which allows an award to be granted to "the family of the victim in cases of homicide or crimes against children." Because H.M. is a family member and the case involved crimes against children, the State contends that the award to H.M. was permitted under the statute.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. *Id.* Constructions of an ambiguous statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004).

In this case, the language of I.C. § 19-5307 is clear and unambiguous. The section in question states:

> The fine shall operate as a civil judgment against the defendant and shall be entered on behalf of the victim named in the indictment or information, or the family of the victim in cases of homicide or crimes against children, and shall not be subject to any distribution otherwise required in section 19-4705, Idaho Code.

The State essentially argues that the language permits the judgment to be entered on behalf of the victim and on behalf of the family of the victim named in the indictment. Consequently, the State asserts that the statute allows the court to grant a civil award to K.M., the named victim, and to H.M., a sister of the named victim. However, the language permitting the award to be paid to the family of the victim in cases of homicide or crimes against children provides a means for the award to be paid to related parties when the actual victim cannot receive it themselves, whether due to death or minority. The statute clearly provides that the civil penalty may be awarded to the

3

named victim "or" the victim's family in certain cases. It does not provide the district court discretion to grant a civil penalty award to any family member of a victim, as well as the victim, simply because the case involves a homicide or crime against children. Therefore, we vacate the portion of the civil penalty naming H.M., as she was not named in the information and K.M. was capable of receiving the civil penalty on her own behalf.

## B.    Excessive Sentence

Fisher next argues that the district court abused its discretion by imposing a unified sentence of fifteen years with six years determinate. Fisher argues that this sentence was excessive in light of his age and poor health, in addition to a low risk to reoffend and other mitigating factors.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

The sentence in this case did not exceed the statutory maximum. In making its sentencing determination, the district court considered the factors that Fisher raises on appeal, including his age and health. The district court also considered the nature of the offense and the victim impact statements provided by K.M. and H.M. Both women were assaulted by Fisher when they were children living in his home. They were both severely traumatized by Fisher's crimes and have

4

carried the burden of that trauma throughout their lives. Moreover, Fisher consistently downplayed his actions and refused to take responsibility, a factor that the district court also considered when imposing its sentence. Although the sentence was greater than that recommended by the State, the district court was free to make its own determination as to the proper sentence and clearly exercised reason in reaching its conclusions. For these reasons, the district court did not abuse its discretion in exceeding the State's recommended sentence and sentencing Fisher to a unified term of fifteen years with six years determinate.

## III.

## CONCLUSION

The district court erred in granting a civil penalty on behalf of H.M., who was not named in the information, but did not abuse its discretion when it imposed its sentence. Therefore, we vacate the civil penalty naming H.M., and affirm the judgment of conviction and sentence.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.